## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

JULIE A. SMITH,                )
                                  )
        Plaintiff,            )
                                  )
v.                           )
                                  )   Case No. 2:18-cv-02340-CM-KGS
KANSAS PUBLIC EMPLOYEES        )
RETIREMENT SYSTEM,          )
                                  )
        Defendant.        )

## ANSWER AND COUNTERCLAIM

Defendant, Kansas Public Employees Retirement System ("KPERS"), for its Answer to Plaintiff's Complaint, states as follows:

### Parties and Jurisdiction

1.     Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is a citizen of the United States and that Plaintiff resided in Stillwell, Johnson County, Kansas during a portion of the time she worked for KPERS.  Further answering Paragraph 1, Defendant states that the remaining allegations are legal conclusions to which a response is not required.

2.     Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is an instrumentality of the State of Kansas and is located at 611 S. Kansas Avenue, Suite 100, Topeka, Kansas  66603.  Further answering Paragraph 2, Defendant states that the remaining allegations are legal conclusions to which a response is not required.

3.     Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring her lawsuit under the ADA, ADEA and FMLA, but specifically denies that Plaintiff is entitled to any relief under any of these statutes.

4.     Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that jurisdiction and venue are proper in the District of Kansas.  Further answering Paragraph 4, Defendant denies that its employees committed any unlawful acts and denies that its practices are unlawful.

## Administrative Procedures and Procedural Posture

5.     Answering Paragraph 5 of Plaintiff's Complaint, Defendant states that Plaintiff's allegation that a Charge was timely filed is a legal conclusion to which no response is required. Further answering Paragraph 5, Defendant states that it is without sufficient information to admit or deny the remaining allegations contained therein.

6.     Answering Paragraph 6 of Plaintiff's Complaint, Defendant states that it is without sufficient information to admit or deny the remaining allegations contained therein.

7.     Answering Paragraph 7 of Plaintiff's Complaint, Defendant states that the allegations contained therein are legal conclusions to which a response is not required.

8.     Answering Paragraph 8 of Plaintiff's Complaint, Defendant states that the allegations contained therein are legal conclusions to which a response is not required.

9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendant states that the allegations contained therein are legal conclusions to which a response is not required.

## General Allegations Common to All Counts

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff's first day of work was in May of 2008 and her last day of work was August 23, 2017. Defendant specifically denies all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

29945143v1

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that she initially worked as a Fixed Income Investment Officer in Topeka, Kansas, but denies that Plaintiff held that position for the entire time she worked for Defendant.

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that Bruce Fink was hired as Deputy Chief Investment Officer for Public Markets in September 2013, but denies that he became a supervisor of Plaintiff at the time of his hire.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits that in April 2013, Plaintiff applied for leave under the Family and Medical Leave Act, citing migraines as the reason for such leave.

15.     Answering Paragraph 15 of Plaintiff's Complaint, Defendant states that it is without sufficient information to admit or deny the allegations contained therein.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

17.     Answering Paragraph 17 of Plaintiff's Complaint, Defendant admits that Mr. Fink and Ms. Miller were aware Plaintiff was approved to use intermittent FMLA leave when the reason for an absence qualified for such leave.  Defendant denies the remaining allegations contained in Paragraph 17.

18.     Answering Paragraph 18 of Plaintiff's Complaint, Defendant states it is without sufficient information to admit or deny the allegations contained in Paragraph 18.

19.     Answering Paragraph 19 of Plaintiff's Complaint, Defendant states it is without sufficient information to admit or deny the allegations contained in Paragraph 19.

29945143v1

20.     Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

21.     Answering Paragraph 21 of Plaintiff's Complaint, Defendant states it is without sufficient information to admit or deny the allegations contained therein.

22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits that in August of 2015, Mr. Fink informed Plaintiff that effective October 2, 2015, she needed to perform her work at KPERS' offices in Topeka, Kansas.  Further answering Paragraph 23, Defendant admits that Plaintiff had more drive time when commuting to Topeka five, instead of four, days per week.  Defendant denies the remaining allegations as stated therein.

24.     Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

25.     Answering Paragraph 25 of Plaintiff's Complaint, Defendant admits that Mr. Fink issued a memo to Plaintiff, dated January 19, 2016, entitled "Performance Issues and Management's Expectations."  Further answering Paragraph 25, Defendant denies Plaintiff's characterization of the memo and states that the memo speaks for itself.

26.     Answering Paragraph 26 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

27.     Answering Paragraph 27 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

28.     Answering Paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

29945143v1

29.     Answering Paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

30.     Answering Paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

31.     Answering Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

32.     Answering Paragraph 32 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

33.     Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

34.     Answering Paragraph 34 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

35.     Answering Paragraph 35 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

36.     Answering Paragraph 36 of Plaintiff's Complaint, Defendant admits that in 2014 it sought clarification regarding Plaintiff's FMLA Medical Certification.  Further answering Paragraph 36, Defendant denies the allegations as stated therein.

37.     Answering Paragraph 37 of Plaintiff's Complaint, Defendant admits it received clarification from Plaintiff's doctor in May of 2014.

38.     Answering Paragraph 38 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

39.     Answering Paragraph 39 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

40.     Answering Paragraph 40 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

41.     Answering Paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

42.     Answering Paragraph 42 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

43.     Answering Paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

44.     Answering Paragraph 44 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

45.     Answering Paragraph 45 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

46.     Answering Paragraph 46 of Plaintiff's Complaint, Defendant admits Mr. Fink rated Plaintiff's Overall Performance as "Unsatisfactory" on Plaintiff's review for the period ending June 30, 2016.  Defendant further states that the June 30, 2016 review contained a Development Plan, which would be in place for 180 days.  Defendant denies all remaining allegations contained in Paragraph 46.

47.     Answering Paragraph 47 of Plaintiff's Complaint, Defendant admits that Mr. Fink and Ms. Miller rated Plaintiff's Overall Performance as "Meets Expectations" on Plaintiff's review for the period ending June 30, 2014 and that Mr. Fink rated Plaintiff's Overall Performance as "Meets Expectations" on Plaintiff's review for the period ending June 30, 2015. Defendant denies the remaining allegations contained in Paragraph 47.

6

48.    Answering Paragraph 48 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

49.    Answering Paragraph 49 of Plaintiff's Complaint, Defendant admits that Mr. Fink rated Plaintiff's Overall Performance as "Needs Improvement" on Plaintiff's review for the period ending December 31, 2016.  Defendant further states the document speaks for itself, and denies the remaining allegations as stated in Paragraph 49.

50.    Answering Paragraph 50 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

51.    Answering Paragraph 51 of Plaintiff's Complaint, Defendant admits that the individuals listed therein were present at the meeting to discuss Plaintiff's performance and is without sufficient information to admit or deny the remaining allegations contained therein.

52.    Answering Paragraph 52 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

53.    Answering Paragraph 53 of Plaintiff's Complaint, Defendant denies the allegations contained therein, including all subparts.

54.    Answering Paragraph 54 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

55.    Answering Paragraph 55 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

56.    Answering Paragraph 56 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

57.    Answering Paragraph 57 of Plaintiff's Complaint, Defendant states it is without sufficient information to admit or deny the allegations contained therein.

29945143v1

58.     Answering Paragraph 58 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

59.     Answering Paragraph 59 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

60.     Answering Paragraph 60 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

61.     Answering Paragraph 61 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

62.     Answering Paragraph 62 of Plaintiff's Complaint, Defendant admits that Ms. Baker informed Plaintiff of the complaint process on numerous occasions.

63.     Answering Paragraph 63 of Plaintiff's Complaint, Defendant admits that Plaintiff made a formal complaint on August 14, 2017 and states that the document speaks for itself.

64.     Answering Paragraph 64 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

65.     Answering Paragraph 65 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

66.     Answering Paragraph 66 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

67.     Answering Paragraph 67 of Plaintiff's Complaint, Defendant states it is without sufficient information to admit or deny the allegations contained therein and denies that any such symptoms, if experienced, were caused by Defendant.

68.     Answering Paragraph 68 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

29945143v1

69.      Answering Paragraph 69 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

70.      Answering Paragraph 70 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

71.      Answering Paragraph 71 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

72.      Answering Paragraph 72 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## COUNT I – DISPARATE TREATMENT IN VIOLATION OF THE ADA

73.      Answering Paragraph 73 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1 through 72, as if fully set forth herein.

74.      Answering Paragraph 74 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

75.      Answering Paragraph 75 of Plaintiff's Complaint Defendant denies the allegations contained therein.

76.      Answering Paragraph 76 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

77.      Answering Paragraph 77 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

78.      Answering Paragraph 78 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

79.      Answering Paragraph 79 of Plaintiff's Complaint, Defendant denies the allegations contained therein, including all subparts.

29945143v1

80.     Answering Paragraph 80 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

81.     Answering Paragraph 81 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

82.     Answering Paragraph 82 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

83.     Answering Paragraph 83 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

84.     Answering Paragraph 84 of Plaintiff's Complaint, Defendant denies the allegations contained therein.  Defendant further states that punitive damages are not available against a government entity.  *Brown v. Unified School District 500*, 338 F. Supp. 2d 1229 (D. Kan. 2004).  Therefore, Plaintiff's request for such damages is improper and must be stricken.

Answering the Request for Relief for Count I, Defendant denies Plaintiff is entitled to any of the relief requested and affirmatively states that Plaintiff released Defendant from all claims, causes of action, costs and attorney fees related to her employment with KPERS from the start of her employment through June 16, 2017 and, thus, to the extent that Count I seeks relief for events occurring within that time frame, such relief is barred by the doctrines of waiver, estoppel, and release.

**COUNT II – DISPARATE TREATMENT BASED ON AGE IN VIOLATION OF ADEA**

85.     Answering Paragraph 85 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 73 through 84, as if fully set forth herein.

86.     Answering Paragraph 86 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

29945143v1

87.     Answering Paragraph 87 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

88.     Answering Paragraph 88 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

89.     Answering Paragraph 89 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

90.     Answering Paragraph 90 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

91.     Answering Paragraph 91 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

92.     Answering Paragraph 92 of Plaintiff's Complaint, Defendant denies the allegations contained therein.  Defendant further states that lost benefits and compensatory damages are not allowable under the ADEA.  *Goico v. Boeing Co.*, 347 F. Supp. 2d 986, 990 (D. Kan. 2004).  Therefore, Plaintiff's request for such damages is improper and must be stricken.

93.     Answering Paragraph 93 of Plaintiff's Complaint, Defendant denies the allegations contained therein.  Defendant further states that punitive damages are not available against a government entity or under the ADEA.  *Brown v. Unified School District 500*, 338 F. Supp. 2d 1229 (D. Kan. 2004); *Goico v. Boeing Co.*, 347 F. Supp. 2d 986, 990 (D. Kan. 2004). Therefore, Plaintiff's request for such damages is improper and must be stricken.

Answering the Request for Relief for Count II, Defendant denies Plaintiff is entitled to any of the relief requested.

## COUNT III – RETALIATION IN VIOLATION OF THE ADA

94.     Answering Paragraph 94 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 85 through 93, as if fully set forth herein.

95.     Answering Paragraph 95 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

96.     Answering Paragraph 96 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

97.     Answering Paragraph 97 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

98.     Answering Paragraph 98 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

99.     Answering Paragraph 99 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

100.    Answering Paragraph 100 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

101.    Answering Paragraph 101 of Plaintiff's Complaint, Defendant denies the allegations contained therein.  Defendant further states that the only remedy available for an ADA retaliation claim is equitable in nature.  *Crumpley v. Assoc. Wholesale Grocers*, 2018 U.S. Dist. Lexis 6852 (D. Kan. 2018).  Therefore, Plaintiff's request for non-equitable relief is improper and must be stricken.

102.    Answering Paragraph 102 of Plaintiff's Complaint, Defendant denies the allegations contained therein.  Defendant further states that the only remedy available for an ADA retaliation claim is equitable in nature.  *Crumpley v. Assoc. Wholesale Grocers*, 2018 U.S.

29945143v1

Dist. Lexis 6852 (D. Kan. 2018). Therefore, Plaintiff's request for non-equitable relief is improper and must be stricken.

103.     Answering Paragraph 103 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

104.     Answering Paragraph 104 of Plaintiff's Complaint, Defendant denies the allegations contained therein. Defendant further states that punitive damages are not available against a government entity and the only remedy available for an ADA retaliation claim is equitable in nature. *Brown v. Unified School District 500*, 338 F. Supp. 2d 1229 (D. Kan. 2004); *Crumpley v. Assoc. Wholesale Grocers*, 2018 U.S. Dist. Lexis 6852 (D. Kan. 2018). Therefore, Plaintiff's request for punitive damages is improper and must be stricken.

Answering the Request for Relief for Count III, Defendant denies Plaintiff is entitled to any of the relief requested and affirmatively states that Plaintiff released Defendant from all claims, causes of action, costs and attorney fees related to her employment with KPERS from the start of her employment through June 16, 2017 and, thus, to the extent that Count III seeks relief for events occurring within that time frame, such relief is barred by the doctrines of waiver, estoppel, and release.

## COUNT IV – RETALIATION IN VIOLATION OF ADEA

105.     Answering Paragraph 105 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 94 through 104, as if fully set forth herein.

106.     Answering Paragraph 105 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

107.     Answering Paragraph 106 of Plaintiff's Complaint, Defendant states that this Paragraph contains a legal conclusion to which a response is not required.

108.     Answering Paragraph 108 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

109.     Answering Paragraph 109 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

110.     Answering Paragraph 110 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

111.     Answering Paragraph 111 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

112.     Answering Paragraph 112 of Plaintiff's Complaint, Defendant denies the allegations contained therein.  Defendant further states that compensatory damages are not allowable under the ADEA.  *Goico v. Boeing Co.*, 347 F. Supp. 2d 986, 990 (D. Kan. 2004). Therefore, Plaintiff's request for such damages is improper and must be stricken.

113.     Answering Paragraph 113 of Plaintiff's Complaint, Defendant denies the allegations contained therein.  Defendant further states that punitive damages are not available against a government entity and are not allowable under the ADEA.  *Brown v. Unified School District 500*, 338 F. Supp. 2d 1229 (D. Kan. 2004); *Goico v. Boeing Co.*, 347 F. Supp. 2d 986, 990 (D. Kan. 2004).  Therefore, Plaintiff's request for such damages is improper and must be stricken.

Answering the Request for Relief for Count IV, Defendant denies Plaintiff is entitled to any of the relief requested.

## COUNT V – RETALIATION IN VIOLATION OF FMLA

114.     Answering Paragraph 114 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 105 through 113, as if fully set forth herein.

115.    Answering Paragraph 115 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

116.    Answering Paragraph 116 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

117.    Answering Paragraph 117 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein.

118.    Answering Paragraph 118 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein.

119.    Answering Paragraph 119 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein.

120.    Answering Paragraph 120 of Plaintiff's Complaint, denies the allegations contained therein.

121.    Answering Paragraph 121 of Plaintiff's Complaint, Defendant states that this Paragraph contains a legal conclusion to which no response is required.

122.    Answering Paragraph 122 of Plaintiff's Complaint, denies the allegations contained therein.

123.    Answering Paragraph 123 of Plaintiff's Complaint, denies the allegations contained therein.

124.    Answering Paragraph 124 of Plaintiff's Complaint, denies the allegations contained therein.

125.    Answering Paragraph 125 of Plaintiff's Complaint, denies the allegations contained therein.  Defendant further states that compensatory damages are not available under

the FMLA.  *Williamson v. Deluxe Fin. Servs.*, 2005 U.S. Dist. LEXIS 15293 (D. Kan. 2005).

Therefore, Plaintiff's request for such damages is improper and must be stricken.

126.    Answering Paragraph 126 of Plaintiff's Complaint, denies the allegations

contained therein.

127.    Answering Paragraph 127 of Plaintiff's Complaint, Defendant denies the

allegations contained therein.  Defendant further states that punitive damages are not available

against a government entity and are not allowable under the FMLA.  *Brown v. Unified School

District 500*, 338 F. Supp. 2d 1229 (D. Kan. 2004); *Williamson v. Deluxe Fin. Servs.*, 2005 U.S.

Dist. LEXIS 15293 (D. Kan. 2005).  Therefore, Plaintiff's request for such damages is improper

and must be stricken.

Answering the Request for Relief for Count IV, Defendant denies Plaintiff is entitled to

any of the relief requested and affirmatively states that Plaintiff released Defendant from all

claims, causes of action, costs and attorney fees related to her employment with KPERS from the

start of her employment through June 16, 2017 and, thus, to the extent that Count IV seeks relief

for events occurring within that time frame, such relief is barred by the doctrines of waiver,

estoppel, and release.

128.    Further answering Plaintiff's Complaint, Defendant denies each and every

allegation that has not been specifically admitted herein.

129.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

130.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, and release.

131.    To the extent Plaintiff's claims are based on acts that occurred prior to any

applicable statute of limitations, Plaintiff's claims are time-barred.

29945143v1

132.    To the extent Plaintiff failed to exhaust her administrative remedies or failed to comply with any procedural prerequisites prior to bringing his claims in this action, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

133.    To the extent Plaintiff's claims exceed the scope of the charge of discrimination she filed with the Equal Employment Opportunity Commission or any other state agency, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

134.    Defendant specifically denies the existence of any causal connection of Plaintiff's alleged damages to the conduct or incidents alleged by Plaintiff.

135.    All actions toward Plaintiff were taken in good faith and for legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons, and were job-related and consistent with business necessity, regardless of any protected status or activity, and not for any discriminatory, retaliatory, or illegal purpose.

136.    To the extent Plaintiff alleges that any employee of Defendant acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

137.    Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate non-discriminatory, non-retaliatory, and non-pretextual business reasons.

138.    Defendant states that any damage claimed or alleged by Plaintiff was caused or contributed to by her own acts or failure to act.

17

139.     Plaintiff's claims are barred or, in whole or in part, by her failure to mitigate her alleged damages.

140.     Plaintiff's Complaint is unreasonable and/or without foundation in law or fact, entitling Defendant to an award of its attorneys' fees and costs.

141.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are available.

WHEREFORE, Defendant requests that the Court declare that Plaintiff has brought a groundless action, dismiss Plaintiff's Complaint, award Defendant its attorneys' fees and its reasonable costs incurred herein and award Defendant such other and further relief as the Court deems just.

## COUNTERCLAIM

For its Counterclaim against Plaintiff, Defendant KPERS asserts as follows:

142.     Plaintiff entered into a written agreement with Defendant on June 16, 2017 (hereinafter "Agreement").

143.     In exchange for employment as an Investment Strategist, the Agreement contains a General Release, releasing Defendant from all claims, causes of action, costs and attorneys' fees related to Plaintiff's employment from her date of hire.

144.     Counts I, III and V of Plaintiff's Complaint assert claims released by Plaintiff, resulting in a breach of the Agreement.

145.     Defendant has been damaged by having to incur costs and attorneys' fees to respond to and defend claims that Plaintiff released.

18

WHEREFORE, Defendant seeks damages in an amount to be determined at trial for costs and attorneys' fees associated with the defense of Counts I, III and V of Plaintiff's Complaint and for such other and further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL AND
### DESIGNATION OF PLACE OF TRIAL

Defendant requests a trial by jury, in Topeka, Kansas, on its Counterclaim against Plaintiff.

Respectfully submitted,

LATHROP GAGE LLP

*/s/ Tammy M. Somogye*
Thomas V. Murray – KS Bar # 7591
Tammy M. Somogye – KS Bar #18210
10851 Mastin Boulevard, Suite 1000
Overland Park, Kansas  66210
Telephone:  913-451-5100
Facsimile:  913-451-0875
Email:  tmurray@lathropgage.com
           tsomogye@lathropgage.com

and

Amanda Sisney – KS Bar #25866
23645 Grand Boulevard
Kansas City, Missouri  64108-2618
Telephone:  816-292-2000
Facsimile:  816-292-2001
Email:  asisney@lathropgage.com

ATTORNEYS FOR DEFENDANT KANSAS
PUBLIC EMPLOYEES RETIREMENT SYSTEM

29945143v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was electronically filed with the

Court this 24th day of August, 2018, which will send a notice of electronic filing to the

following:

Sarah C. Liesen, Esq.
EDELMAN, LIESEN & MYERS, LLP
4051 Broadway, Suite 4
Kansas City, Missouri  64111
sliesen@elmlawkc.com

ATTORNEY FOR PLAINTIFF JULIE A. SMITH

_/s/ Tammy M. Somogye_
ATTORNEY FOR DEFENDANT KANSAS PUBLIC
EMPLOYEES RETIREMENT SYSTEM

29945143v1