**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| JULIE A. SMITH ) | |
| ) | |
|     Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02340-CM-KGS |
| ) | |
| KANSAS PUBLIC EMPLOYEES ) | |
| RETIREMENT SYSTEM, ) | |
| ) | |
|     Defendant/Counterclaim Plaintiff. ) | |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS</u>**

COME NOW Plaintiff and Counterclaim Defendant Julie A. Smith (hereinafter "Plaintiff"), by and through her undersigned attorney, and for her Memorandum in Support of her Motion to Dismiss Defendant and Counterclaim Plaintiff Kansas Public Employees Retirement System's (hereinafter "KPERS") Counterclaim, and states as follows:

**I.    NATURE OF THE MATTER**

This is a diversity brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), as amended, the Age Discrimination in Employment Act 29 U.S.C. § 621 et seq. ("ADEA"), as amended, and the Family and Medical Leave Act, 29 U.S.C.A. § 2611 et seq. ("FMLA"). KPERS's Counterclaim appears to be based upon a state common-law theory of breach of contract.

**II.    CONCISE STATEMENT OF THE FACTS**

Plaintiff was employed by KPERS as a Fixed Income Investment Officer. (Complaint, Doc. 1 at ¶ 11). Prior to her constructive discharge, Plaintiff was threatened with termination, and compelled to sign a document (hereinafter, the "Agreement") purporting to release KPERS

from any past, present, or future liability related to her employment. See (Complaint, Doc. 1 at ¶ 52); (Answer and Counterclaim, Doc. 3, at ¶ 142-143). Based upon this purported release, KPERS has brought a Counterclaim against Plaintiff, failing to identify any cause of action, but seeking "damages in an amount to be determined at trial for costs and attorneys' fees associated with the defense of Counts I, III and V of Plaintiff's Complaint." (Answer and Counterclaim, Doc. 3, at 18-19).

### III.  QUESTIONS PRESENTED

1. Has KPERS failed to plead the Court's jurisdiction for its Counterclaim?

2. Does KPERS's Counterclaim fail to state a claim for which relief can be granted because it has failed to plead the elements of breach of contract, or any other cause of action?

3. Does KPERS's Counterclaim fail to state a claim for which relief can be granted because release and waiver are affirmative defenses that do not give rise to a cause of action?

4. Does KPERS's Counterclaim fail to state a claim for which relief can be granted because in substance it is an attempt to recover attorneys' fees in the absence of contractual or statutory authority to do so?

### IV.  ARGUMENT

This Court should dismiss KPERS's Counterclaim for failure to state a claim for which relief can be granted.

#### a.  Failure to State a Claim for which Relief can be Granted

KPERS has failed to plead the basis for this Court to exercise subject-matter jurisdiction over its Counterclaim. Any pleading "that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The only

exception to this rules is where "the court already has jurisdiction and the claim needs no new jurisdictional support." *Id.* Here, KPERS has failed to plead any basis for this Court to have subject matter jurisdiction over its Counterclaim. (Answer and Counterclaim, Doc. 3, at 18-19).

KPERS may claim that because the Court already has subject matter jurisdiction over Plaintiff's claim, there is no need for additional jurisdictional support. However, Plaintiff's basis for subject matter jurisdiction is that her claims arise under the laws of the United States. (Complaint, Doc. 1 at ¶ 3); see also, 28 U.S.C. § 1331. KPERS's Counterclaim appears to only state one claim for breach of contract. (Answer and Counterclaim, Doc. 3, at ¶ 144). Breach of contract is a state common law claim, that does not arise from the laws of the United States. See, e.g., *In re Motor Fuel Temp. Sales Practices Lit.*, 707 F. Supp. 2d 1145, 1147 (D. Kan. 2010) ("state law theories which include breach of contract"); *Karlin v. Paul Revere Life Ins. Co.*, 742 F. Supp. 2d 1253, 1261 D. Kan. 2010) ("In resolving" issues related to breach of contract, "it is well settled that this Court must attempt to ascertain and apply state law").

    **b.**    **Failure to State a Claim for which Relief can be Granted**

KPERS has failed to state a claim for which relief can be granted. It contains little more than legal conclusions, and falls far short of the standard required to state a claim. Pursuant to Fed. R. Civ. P. 12(b)(16), the claim should be dismissed.

In ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court assumes as true all well-pleaded facts and views them in a light most favorable to the plaintiff. See *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). The claim must present factual allegations that "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The allegations must be sufficient that, if assumed to be true, the plaintiff has a plausible, and not merely a speculative, claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). A claim is "plausible" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A claim that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting Twombly, 550 U.S. at 555).

### 1. KPERS has failed to adequately plead the elements of Breach of Contract

Under Kansas law, the elements of a breach of contract are "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013). "In order for parties to form a binding contract, there must be a meeting of the minds as to all essential terms." *Sidwell Oil & Gas Co. v. Loyd*, 230 Kan. 77, 630 P.2d 1107 (1981).

KPERS's counterclaim is nothing more than a formulaic recitation of the elements. It merely state that the parties "entered into a written agreement." (Answer and Counterclaim, Doc. 3, at ¶ 142). It gives only a conclusory summary of what it claims was exchanged, and what the legal effect of the purported Agreement was. (*Id.* at ¶ 143). KPERS does not even bother to attach the purported agreement to its claim. Instead, it merely concludes that "Counts I, III and V of Plaintiff's Complaint assert claims released by Plaintiff, resulting in a breach of the Agreement." (*Id.* at ¶ 144). It also states, only as a conclusion, that "Defendant has been

damaged by having to incur costs and attorneys' fees to respond to and defend claims that Plaintiff released." (*Id.* at ¶ 144).

Not only are each of the previous elements plead only as conclusions, KPERS does not even bother to plead the third element, its performance or willingness to perform under the contract. Thus, even if its conclusory statements were adequate, KPERS still would have failed to plead each element, as required to state a claim for which relief can be granted.

**2. Under Kansas law, release and waiver are affirmative defenses, which**

Even if KPERS had adequately pleaded the elements of breach of contract, and even if it were to subsequently do so, it would still fail to state a claim for which relief can be granted, because it is not entitled to relief for breach of contract under Kansas law based upon its claim that Plaintiff released certain causes of action, and then brought an action under those claims.

Under Kansas law, "release" is an affirmative defenses or avoidance. *See*, KSA § 60-208(c)(M); *Tabor v. Lederer*, 472 P. 2d 209, 211 (Kan. 1970). It is a legal right, provided to a party, allowing them to assert it as a defense to a claim. *Tabor v. Lederer*, 472 P. 2d at 211). If, as KPERS suggests, it entered into a valid, binding contract with Plaintiff in which Plaintiff granted it a release of certain claims, then KPERS recourse is to assert that as an affirmative defense. It is not a breach of the contract to bring the claim, because if KPERS has a release, the time to use it is in its pleading asserting it as an affirmative defense.

Plaintiff cannot find any authority for the proposition that a release could be the basis for a breach of contract claim, and none appears to exist in Kansas law. Therefore, KPERS has failed to plead a claim upon which relief can be granted.

### 3. KPERS is seeking attorneys' fees, to which it is not entitled

In asking this Court to award it damages for breach of contract, the substance of KPERS claim is one for attorneys' fees. While there is no Kansas law directly on point regarding release as a basis for a breach of contract claim, the precedent is very clear regarding attorneys' fees, and KPERS is not entitled to them.

It is well established that Kansas follows the "American rule" which holds that "in the absence of statutory or contractual authorization, each party to the litigation is responsible for his or her own attorney fees." *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 241 P.3d 15, 24 (Kan. 2010). Under the rule, "attorney's fees are not recoverable as 'damages,' but rather are recoverable only if provided for by statute or contract." *In re Glannon*, 245 BR 882, 894 n.17 (D. Kan. 2000).

In its prayer for relief, KPERS requests "damages in an amount to be determined at trial for costs and attorneys' fees associated with the defense of Counts I, III and V of Plaintiff's Complaint." (Answer and Counterclaim, Doc. 3, at 19). However, KPERS does not plead that the purported Agreement contains a fee shifting provision, nor does it plead any other exception to the American Rules. Thus, KPERS is not entitled to the attorneys' fees it seeks, and it is clear that Kansas common law does not support a claim for breach of contract for bringing a purportedly released claim. Therefore, this Court should grant Plaintiff's motion to dismiss.

## V. CONCLUSION

Because KPERS's Counterclaim fails to state a claim for which relief may be granted, it should be dismissed under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Plaintiff and Counterclaim Defendant Julie A. Smith humbly requests this Court enter an Order Dismissing Defendant's Counterclaim, and for any further relief which this Court deems just and proper.

Respectfully submitted,

By: /s/ *Alexander Edelman*
Alexander Edelman,         #KS - 25821
Sarah Liesen,              #KS- 26988
Edelman, Liesen & Myers, L.L.P.
4051 Broadway, Suite 4
Kansas City, MO 64111
816-533-4976
Fax: 816-463-8449
sliesen@elmlawkc.com

**ATTORNEYS FOR PLAINTIFF /
COUNTERCLAIM DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2018, a true and correct copy of the foregoing was filed with the CM/ECF system which sent notification to:

Thomas V. Murray
Tammy M. Somogye
10851 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
Telephone: 913-451-5100
Facsimile: 913-451-0875
Email: tmurray@lathropgage.com
tsomogye@lathropgage.com

and

Amanda Sisney
23645 Grand Boulevard
Kansas City, Missouri 64108-2618
Telephone: 816-292-2000
Facsimile: 816-292-2001
Email: asisney@lathropgage.com

**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM PLAINTIFF
KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM**

By:  /s/ *Alexander Edelman*
       ALEXANDER EDELMAN
       ATTORNEY FOR PLAINTIFF