## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| JULIE A. SMITH, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-02340-CM-KGS |
| | ) | |
| KANSAS PUBLIC EMPLOYEES | ) | |
| RETIREMENT SYSTEM, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
## DEFENDANT'S COUNTERCLAIM

Defendant/Counterclaim Plaintiff Kansas Public Employees Retirement System ("KPERS"), hereby responds to Plaintiff's Motion to Dismiss its Counterclaim.

**I.      NATURE OF THE MATTER**

Plaintiff's claims are brought pursuant to this Court's federal question jurisdiction under the Americans with Disabilities Act, 42 U.S.C.A. § 12101 et seq. ("ADA"), as amended, the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq. ("ADEA"), as amended, and the Family and Medical Leave Act, 29 U.S.C.A. § 2611 e seq. ("FMLA), as amended.  KPERS's breach of contract action is brought as a compulsory counterclaim, pursuant to Federal Rule of Civil Procedure 13(a), and arises out of the same transaction and occurrence as Plaintiff's claims.

**II.     CONCISE STATEMENT OF THE FACTS**

On June 16, 2017, Plaintiff and KPERS entered into a written agreement (the "Agreement"). (Doc. 3, Answer and Counterclaim ¶ 142).  Pursuant to the Agreement, KPERS granted Plaintiff the position of Investment Strategist in exchange for her signing a General Release of all claims, causes of action, costs and attorneys' fees related to Plaintiff's employment from her date of hire (the "Release"). (Doc. 3, Answer and Counterclaim ¶ 143).  Plaintiff

subsequently sued KPERS for alleged violations of the ADA, ADEA, and FMLA in June of 2018 – claims that are obviously related to her employment with KPERS. (*See* Doc. 1, Complaint.)  KPERS filed an Answer and Counterclaim, asserting that Plaintiff breached their written Agreement by filing ADA and FMLA claims – claims she previously released in exchange for employment as an Investment Strategist.[1] (*See* Doc. 3, Answer and Counterclaim ¶ 144).

## III.    QUESTIONS PRESENTED

1.    Must a compulsory counterclaim contain a statement of the Court's jurisdiction?

2.    Does KPERS's Counterclaim satisfy the notice pleading standard established in FED. R. CIV. P. 8?

3.    Can a defendant assert a compulsory breach of contract claim against a party who has filed claims released in writing?

4.    Are costs and attorneys' fees proper remedies for breach of a written release agreement, since nothing else will make the non-breaching party whole?

## IV.    ARGUMENT

KPERS's compulsory Counterclaim satisfies the notice pleading standard established in FED. R. CIV. P. 8, is a proper cause of action, and seeks the only remedies that will make it whole.  Therefore, Plaintiff's Motion to Dismiss should be denied.

### A.    KPERS Was Not Required to Assert the Basis of This Court's Jurisdiction Because Its Counterclaim was Compulsory.

FED. R. CIV. P. 8 provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, *unless the court already has jurisdiction and the claim needs no new jurisdictional support*;

---

[1] KPERS has not alleged Plaintiff breached her Agreement by filing claims under the ADEA.

30184709v1

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).  It is axiomatic that compulsory counterclaims are the type of claims for which a jurisdictional statement is not needed. *See* 61A AM JUR 2D PLEADING § 170 (noting "A separate statement of jurisdiction is not necessary to support a compulsory counterclaim.").  A counterclaim is compulsory if the claim: "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and . . . does not require adding another party over whom the court cannot acquire jurisdiction." FED. CIV. P. 13(a)(1).

Here, Plaintiff seeks damages, costs and attorneys' fees from KPERS, alleging employment-related claims pursuant to the ADA and FMLA – claims that the parties' written Agreement specifically releases. (*See* Doc. 1, Complaint: Counts I, III, and V).  Plaintiff even mentions the Agreement in her Complaint and alleges that KPERS's conduct relating to the Agreement constitutes a violation of the ADA and the FMLA. (*See* Doc. 1, Complaint, ¶¶ 52-53, 79, 123).  The Complaint and Counterclaim make clear that Plaintiff's and KPERS's claims arise out of the same transaction and occurrence – Plaintiff's employment and their June 2017 Agreement.  Since the claim does not require adding another party over whom the Court cannot acquire jurisdiction, KPERS's Counterclaim is obviously compulsory. *See Jensen Int'l, Inc. v. Kelley*, 2003 Kan. App. Unpub. LEXIS 585, at *4-5 (Ct. App. Aug. 15, 2003) (holding defendant's counterclaim was compulsory because it arose out of plaintiff's anticipatory breach of the contract on which plaintiff was suing).

Moreover, a "jurisdictional basis need not be pleaded to establish supplemental jurisdiction over a claim where the court's jurisdiction over the primary claim has been established." 61A AM JUR 2D PLEADING § 170; *Royal Pac. Ltd. v. Faith Elec. Mfr. Co.*, No.

17cv357 MCA/KBM, 2018 U.S. Dist. LEXIS 113805 (D.N.M. Apr. 20, 2018) (discussing rule in connection with defendant's counterclaim against plaintiff).  It is of no import that KPERS's Counterclaim alleges a state law breach-of-contract claim.  "[Parties] do not need to specifically plead the supplemental jurisdiction statute, nor do they need to specifically identify state law claims as such if the cause of action obviously exists under state law." 61A Am Jur 2d pleading § 170.

Clearly, KPERS was not required to include a jurisdictional statement in its Counterclaim.  Thus, the absence of such a statement does not justify dismissal.

**B.     KPERS's Counterclaim Satisfies the Notice Pleading Standard Established in Fed. R. Civ. P. 8.**

When ruling on a motion to dismiss, this Court must "accept the facts alleged in the complaint [i.e., counterclaim] as true and view them in the light most favorable to the [counterclaim] plaintiff [i.e., KPERS]." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).  The counterclaim must allege facts that "state a claim to relief that is plausible on its face;" said claim being facially plausible "when the allegations give rise to a reasonable inference that the defendant (i.e., Plaintiff in this case) is liable." *Id.*  This Court must also "disregard all conclusory statements of law and consider whether the remaining specific factual allegations . . . plausibly suggest [liability]." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

KPERS's Counterclaim contains "a short and plain statement of the claim showing that [it] is entitled to relief", in compliance with Fed. R. Civ. P. 8, including all elements of a breach of contract claim under Kansas law.  The elements of a breach of contract claim are: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the [counterclaim] plaintiff's performance or willingness to perform in compliance with the

contract; (4) the [counterclaim] defendant's breach of the contract; and (5) damages to the [counterclaim] plaintiff caused by the breach." *Stechschulte v. Jennings*, 297 Kan. 2, 23 (2013).

KPERS alleged that it and Plaintiff entered into a written Agreement on June 16, 2017 – the first element. (*See* Doc. 3, Answer and Counterclaim ¶ 142). FED. R. CIV. P. 8 does not require a party to attach a copy of a written agreement when an action involves a breach of contract claim; the suggestion that the Counterclaim fails to state a claim because the Agreement is not attached is absurd. As for the second element, KPERS alleged that consideration for the Agreement included Plaintiff's employment "as an Investment Strategist" in exchange her signing a General Release of all claims, causes of action, costs and attorneys' fees related to Plaintiff's employment from her date of hire. (*See* Doc. 3, Answer and Counterclaim ¶ 143).

The third element is inherent under the circumstances, especially since the counterclaim is compulsory. Plaintiff's own Complaint acknowledges that she signed an employment agreement and continued her employment past June 16, 2017, signifying that Defendant performed its contractual obligation by continuing to employ Plaintiff in the Investment Strategist position from June 16, 2017 to August 23, 2017. (Doc. 1, Complaint, ¶¶ 52-53, 69). *See Van Brunt v. Jackson*, 212 Kan. 621, 623 (1973) (holding that there was sufficient evidence of the third element of Plaintiff's breach of contract claim because "Performance of the contract by plaintiff was inherent in the sale, and was supported by the admissions of defendants that they received the property purchased"). Given this admission, it is disingenuous to argue that KPERS has not "bothered to plead the third element" of its breach of contract claim.[2]

---

[2] Although KPERS believes the third element is inherent in its allegations, if Plaintiff disagreed, the matter should have been raised in the Rule 26(f) Conference to avoid wasteful motion practice (Doc. 4, Initial Order Regarding Planning and Scheduling, at p. 8) and a potential violation of FED. R. CIV. P. 11 (addressing filing motions that needlessly increase the cost of litigation).

5

The fourth element of a breach of contract claim is present in the Counterclaim because KPERS alleges that Plaintiff breached the Agreement by asserting Counts I, III and V.   A succinct statement of the acts that constitute the breach does not render KPERS's Counterclaim insufficient. (*See* Doc. 3, Answer and Counterclaim ¶ 144).  In fact, a "short and plain statement" is all that is required. FED. R. CIV. P. 8.  Finally, KPERS alleged it has been damaged by the breach, specifically in the form of costs and attorney's fees it has had and will have to incur to defend claims released – as a direct result of Plaintiff's breach – the fifth element. (*See* Doc. 3, Answer and Counterclaim ¶ 145).

KPERS's allegations state a *factual* basis for a plausible claim to relief for breach of a contract. (*See* Doc. 3, Answer and Counterclaim ¶¶ 142-145).  None of KPERS's allegations amount to a legal conclusion or a recitation of the elements.  Because KPERS has sufficiently stated a plausible claim to relief under a breach of contract theory, Plaintiff's Motion to Dismiss is without merit and should be denied.

### C.  Kansas Law Allows a Breach of Contract Claim and Money Damages for Breach of a Release or Waiver.

Plaintiff appears to claim that violation of a release or waiver cannot amount to a breach of contract because "release and waiver" are affirmative defenses. (*See* Doc. 7, Memorandum in Support of Motion to Dismiss § (IV)(b)(2)).  Plaintiff further indicates that she is unable to find a case allowing such a claim and, because of this inability, the claim must fail. (*See* Doc. 7, Motion to Dismiss § (IV)(b)(2)).

Contrary to Plaintiff's assertion, however, Kansas authority expressly allows a breach of contract claim for violation of a release and, thus, KPERS's Counterclaim is proper.  Controlling authority can be found in *Winn v. Barton*, 1989 Kan. App. Unpub. LEXIS 240, 771 P.2d 949 (Kan. Ct. App. 1989).  In *Winn*, the Kansas Court of Appeals considered an argument like the

one advanced by Plaintiff here.   The party giving the release argued that "damages are not appropriate because a release is the giving up of a claim to the person against whom the claim exists." *Id.* At *9.   The Kansas Court of Appeals disagreed, holding that the violation of a release constituted a breach of contract, entitling the non-breaching party to money damages. *Id.* at *9-10.   The Court reasoned that the defendant breached the release (*i.e.*, a contract) and, in accordance with contractual law, the non-breaching party was entitled to be put in the same position as he would have been in had the contract been performed "so far as possible by a money award." *Id.* at *9-10.   Just as in *Winn*, certain claims in Plaintiff's lawsuit violate the Release provision of the Agreement, giving rise to a breach of contract claim for which KPERS can recover money damages.   The "American Rule" and cases that do not involve whether attorneys' fees are proper damages for breach of a release are not persuasive authority.[3] Accordingly, Plaintiff's Motion to Dismiss fails.

## V.   CONCLUSION

Because KPERS has adequately pleaded a breach of contract claim in its Counterclaim and costs and attorneys' fees are proper remedies for that claim, KPERS respectfully requests that this Court deny Plaintiff's Motion to Dismiss and consider any additional relief that the Court deems just and equitable.

---

[3] Even if the "American Rule" applied, as noted in the *Glannon v. Carpenter* case Plaintiff cites, there are exceptions to it:

> Although there are exceptions to this rule, such as a damage award in a malicious prosecution action which may include attorneys' fees incurred defending the underlying maliciously brought case, even then attorneys' fees incurred in bringing the action for malicious prosecution may not be recovered.

245 B.R. 882, at 894, fn17 (D. Kan. 2000) (emphasis added).   The concept of malicious prosecution is eerily similar to filing a lawsuit to pursue released claims.

Respectfully submitted,

LATHROP GAGE LLP

/s/ Tammy M. Somogye
Thomas V. Murray – KS Bar # 7591
Tammy M. Somogye – KS Bar #18210
10851 Mastin Boulevard, Suite 1000
Overland Park, Kansas  66210
Telephone:  913-451-5100
Facsimile:  913-451-0875
Email:  tmurray@lathropgage.com
          tsomogye@lathropgage.com

ATTORNEYS FOR DEFENDANT KANSAS
PUBLIC EMPLOYEES RETIREMENT SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was electronically filed with the Court this 12th day of October, 2018, which will send a notice of electronic filing to the following:

Sarah C. Liesen, Esq.
Alexander Edelman, Esq.
EDELMAN, LIESEN & MYERS, LLP
4051 Broadway, Suite 4
Kansas City, Missouri  64111
sliesen@elmlawkc.com
aedelman@elmlawkc.com

ATTORNEY FOR PLAINTIFF JULIE A. SMITH

/s/ Tammy M. Somogye
ATTORNEY FOR DEFENDANT KANSAS PUBLIC
EMPLOYEES RETIREMENT SYSTEM

30184709v1