# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SMITH, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 18-2340-CM |
| ) | |
| KANSAS PUBLIC EMPLOYEES ) | |
| RETIREMENT SYSTEM, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff ) | |

## SCHEDULING ORDER

On October 29, 2018, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, K. Gary Sebelius, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, Sarah C. Liesen and Alexander Edelman. Defendant appeared through counsel, Tammy M. Somogye.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | November 9, 2018 |
| Defendant's settlement counter-proposal | November 23, 2018 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | December 7, 2018 |
| Mediation completed | February 28, 2019 |
| Supplementation of initial disclosures | March 21, 2019 |
| All discovery completed | April 30, 2019 |
| Experts disclosed by plaintiff | January 9, 2019 |
| Experts disclosed by defendant | January 23, 2019 |
| Rebuttal experts disclosed | February 21, 2019 |
| Physical and mental examinations | January 16, 2019 |
| Jointly proposed protective order submitted to court | See ECF No. 14. |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | N/A |
| Motions to dismiss | November 12, 2018 |
| Motions to amend | December 11, 2018 |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | June 14, 2019 |
| Comparative fault identification | N/A |
| Proposed pretrial order due | May 22, 2019 |
| Pretrial conference | May 29, 2019, at 10:00 a.m. |
| Trial | February 3, 2020, at 9:00 a.m. |

1.     **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **November 9, 2018**. Defendant must make a good-faith counter-proposal by **November 23, 2018**. By **December 7, 2018**, unless the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but not the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must not be filed with the Clerk's Office. Absent further order of the court, mediation must be held no later than **February 28, 2019**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2.     Discovery.**

    a.     The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged by **November 1, 2018.** Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures must be served by **March 21, 2019,** 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

    b.     All discovery must be commenced or served in time to be completed by **April 30, 2019**. Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter provided it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of the case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six

factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

    c.    If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **January 9, 2019**, and by defendant by **January 23, 2019**; disclosures and reports by any rebuttal experts must be served by **February 21, 2019**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

    d.    The parties disagree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. In any event, the parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **January 16, 2019**. If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

e. The court considered the following discovery problems raised by one or more of the parties: KPERS contends there should not be any discovery regarding any alleged punitive damages and other damages sought that are clearly prohibited by applicable law. *See Brown v. Unified School District 500*, 338 F. Supp. 2d 1229 (D. Kan. 2004)(holding punitive damages are not available against a government entity); *Goico v. Boeing Co.*, 347 F. Supp. 2d 986, 990 (D. Kan. 2004) (holding lost benefits and compensatory damages are not allowable under the ADEA); *Crumpley v. Assoc. Wholesale Grocers*, 2018 U.S. Dist. Lexis 6852 (D. Kan. 2018) (holding that the only remedy available for an ADA retaliation claim is equitable in nature); Williamson v. Deluxe Fin. Servs., 2005 U.S. Dist. LEXIS 15293 (D. Kan. 2005) (holding compensatory damages are not available under the FMLA). Plaintiff is contemplating amending her complaint to address these issues.

f. Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

> The parties intend to produce electronically stored information in hard copy or static form (e.g., .pdf or .tif images), thereby allowing documents produced to be indexed and individually marked through "Bates" stamping.
> If e-mail information is requested, the parties will attempt to agree on an e-mail search protocol appropriate for the request(s) at issue. If deleted information is requested, the parties will attempt to agree on a third party to restore the deleted information, and how the cost of the restoration and production will be handled. Any party desiring embedded data or metadata must specifically request such data. The parties do not anticipate needing backup or archival data; however, if such data exists and is requested, the parties will confer regarding whether production is appropriate and, if so, who will bear the cost.

g. Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that if privileged information is inadvertently disclosed during discovery, regardless of the form, the recipient of the privileged information will,

on request of the producing party, return the information to the producing party and destroy all copies of the privileged information. If the claim of privilege is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged information until the dispute is resolved.

h. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

> The parties will attempt to work through all discovery disputes via telephone prior to contacting the judge and/or filing discovery motions. If unsuccessful, the parties agree to submit discovery disputes to the magistrate through a phone call prior to filing a motion to determine if the discovery dispute can be resolved without full briefing on the dispute. Depositions will be scheduled by agreement of counsel. Papers may be served via e-mail to opposing counsel. The parties also agree that documents will be produced on a rolling basis and exhibits will be numbered sequentially.

i. No party may serve more than **25** interrogatories, including all discrete subparts, on any other party.

j. No more than **8** depositions may be taken by plaintiff, and no more than **8** depositions may be taken by defendant. Each deposition must be limited to **7** hours. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

k. Discovery in this case will be governed by a protective order. The parties have submitted a proposed protective order, and the court has approved it. See ECF No. 14.

l. The parties do consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

m. The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court

plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.    Motions.**

a.    Plaintiff has filed a motion to dismiss the defendant's counterclaim, which is pending. Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **November 12, 2018**.

b.    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **December 11, 2018**.

c. All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **June 14, 2019**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: *http://www.ksd.uscourts.gov/summary-judgment/*

e. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **June 14, 2019**.

f. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

  h. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(c).

  i. The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.** **Pretrial Conference, Trial, and Other Matters.**

  a. The parties agree that principles of comparative fault do <u>not</u> apply to this case.

  b. Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **May 29, 2019, at 10:00 a.m.** This pretrial conference will be conducted by telephone unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. **Participants shall dial in to the conference call at 888-363-4749, then enter access code 3977627#, and follow the prompts to join the call as a participant.** Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **May 22, 2019**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.  It must be in the form available on the court's website:

   *http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c. The parties expect the jury trial of this case to take approximately **4-5** trial days. This case is set for trial on the court's docket beginning on **February 3, 2020, at 9:00 a.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

d. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e. This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge