# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KANSAS PUBLIC EMPLOYEES )<br>RETIREMENT SYSTEM, )<br>)<br>Defendant. )<br>_____ ) | Case No. 18-2340-CM-KGS |

## MEMORANDUM AND ORDER

Plaintiff Julie A. Smith brought this discrimination and retaliation action against her former employer, defendant Kansas Public Employees Retirement System. Plaintiff claims that she was subject to disparate treatment and retaliation in violation of the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and the Family Medical Leave Act ("FMLA"). Defendant filed a counterclaim for breach of contract, arguing that plaintiff agreed in writing to release her claims against defendant in exchange for retaining a position with defendant through October 1, 2018. Plaintiff then filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 6). In this motion, plaintiff argues that (1) defendant failed to include a statement of jurisdiction in its counterclaim; (2) defendant's counterclaim does not satisfy the notice pleading standard of Fed. R. Civ. P. 8; (3) defendant cannot assert release/breach of contract as a counterclaim; and (4) defendant cannot assert a claim for attorney's fees. The court addresses each of these arguments below.

**Is defendant required to include a statement of jurisdiction in its counterclaim?**

Plaintiff alleges that defendant's counterclaim requires a statement of jurisdiction, and, because it does not include one, should be dismissed. Specifically, plaintiff alleges that her claim arises under federal law and that defendant must state why this court has jurisdiction over its state law breach of contract counterclaim. Defendant responds that a statement of jurisdiction is not required when the counterclaim is compulsory. Plaintiff disagrees that the counterclaim is compulsory.

Fed. R. Civ. P. 8(a)(1) requires a statement of the grounds for the court's jurisdiction unless the court already has jurisdiction and the claim needs no jurisdictional support. Whether the district court has jurisdiction over a counterclaim depends upon whether the counterclaim is compulsory. *Adamson v. Dataco Derex, Inc.*, 178 F.R.D. 562, 564 (D. Kan. 1998) (citing *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974)); *Gus T. Handge & Son Painting Co. v. Douglass State Bank*, 543 F. Supp. 374, 380 (D. Kan. 1982). If the counterclaim is compulsory, the court has jurisdiction. *Pipeliners Local Union No. 798*, 503 F.2d at 1198. If the counterclaim is permissive, there must be an independent ground of federal jurisdiction. *Id*.

A counterclaim is compulsory "if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). If it does not arise out of the same transaction or occurrence, the counterclaim is permissive. Fed. R. Civ. P. 13(b). The sole issue, therefore, is whether defendant's counterclaim for breach of contract "arises out of the same transaction or occurrence" as plaintiff's employment claims.

The Tenth Circuit joined "most courts" in its adoption of four factors to consider when deciding if a counterclaim is compulsory:

> (1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
> (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule?
> (3) Will substantially the same evidence support or refute plaintiffs' claim as well as defendants' counterclaim? and,

(4) Is there any logical relation between the claim and the counterclaim?

*Pipeliners Local Union No. 798*, 503 F.2d at 1198 (citing Wright and Miller, Federal Practice and Procedure, Civil § 1410). "The 'logical relation' test is the most controlling." *Id.* (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593 (1926)).

Because of its importance, the court looks first at the "logical relation" test. It appears that, when considering the totality of the facts presented, there is a strong logical relationship between the claims. Both claims center around plaintiff's employment and the conditions thereof. Defendant's counterclaim alleges that by signing the agreement, plaintiff released many of the exact claims she has brought here. Though she does not challenge the agreement's validity, plaintiff alleges that the agreement was essentially a turning point in her constructive discharge. And defendant's answer raises an affirmative defense of release, requiring the court to examine the release as part of the case. The logical relationship between the agreement and discrimination claims is very close and the "most controlling" factor is convincing on its own.

Next, the court looks at the issues of fact and law. Issues of fact raised by both claims appear largely the same. Plaintiff's various claims allege she was discriminated against and include specific claims she was put under immense pressure to choose between immediate termination and signing the employment agreement at issue in the counterclaim. Although resolution of plaintiff's claims will require evidence regarding her specific treatment and her medical condition outside the agreement, she specifically alleges that circumstances surrounding the agreement led to her constructive discharge, making the agreement a central issue to her case. As a result, the agreement at issue in the counterclaim relates to plaintiff's claims because the agreement is a major event supporting her claims of termination/constructive discharge and the terms of the agreement are crucial to the events alleged after it was signed. Plaintiff will need to provide evidence of the timing and circumstances surrounding

the agreement, the terms of her demotion, and the specific terms of the agreement. The agreement also acts a time marker in plaintiff's timeline. After describing the agreement and the difficult decision she was forced to make in signing it, the complaint alleges that her working conditions significantly deteriorated into a constructive discharge *after* she signed the agreement and accepted the demotion— she was forced to train her replacement and excluded from team meetings based on her new job title under the agreement. The court expects that plaintiff will offer a substantial amount of evidence relating to the counterclaim as part of her own claim.

The court next turns to the issue of res judicata. Res judicata bars a claim "when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action." *Driver Music Co. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1435 (10th Cir. 1996) (quoting *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980))). Res judicata principles bar a claim "when the prior action involved identical claims and the same parties or their privies." *Id.* (quoting *Frandsen*, 46 F.3d at 978). Here, the link between the claims is probably too tenuous to rise to res judicata level. The claims are not "identical" and a separate breach of contract claim would not require "relitigating issues" raised in the earlier action.

Finally, as described above, much of the same evidence may be used to support or refute both plaintiff's claim and defendant's counterclaim. Specifically, the terms of the agreement, her demotion, and the circumstances surrounding its execution are important to both. Cases finding the nexus between the claims too tenuous often involve trade secret misappropriation or set-off claims, but these cases do not address a situation where the agreement at issue in the counterclaim is actually alleged as evidence of the discrimination and constructive discharge. *See, e.g.*, *Adamson v. Dataco Derex, Inc.*, 178 F.R.D. 562, 566 (D. Kan. 1998) (finding counterclaim for misappropriation of trade secrets not

compulsory). Here, the nexus is much closer and requires overlapping evidence. Plaintiff must provide substantial evidence regarding the agreement as a part of her various claims and to rebut the counterclaim.

After considering all the factors, the court determines that the counterclaim for breach of contract is compulsory because of the strong logical relationship (the "most controlling" factor) and the overlap in evidence required for both claims. Defendant therefore did not need to make a separate statement of jurisdiction.

## Does defendant's counterclaim satisfy Fed. R. Civ. P. 8(b)?

Plaintiff alleges defendant failed to adequately plead its breach of contract counterclaim in accordance with Fed. R. Civ. P. 8. Specifically, plaintiff argues that defendant failed to properly plead the elements of a breach of contract.

Rule 8(a) requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig*., 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). Allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*. A plaintiff (or in this case, counterclaimant) must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

After considering defendant's answer and counterclaim, the court determines that the counterclaim crosses the line from conceivable to plausible. Plaintiff argues that the counterclaim is

conclusory and merely contains a formulaic recitation of the elements of a contract. At first glance, this appears correct, but the motion to dismiss is considered in light of the pleadings as a whole.

The elements for a breach of contract counterclaim are: (1) the existence of a contract between the parties; (2) consideration; (3) the counterclaimant's performance or willingness to perform in compliance with the contract; (4) counterclaim defendant's breach of the contract; and (5) that counterclaimant was damaged by the breach. *Ice Corp. v. Hamilton Sundstrand Inc.*, 444 F. Supp. 2d 1165, 1169 (D. Kan. 2006). Many of the facts that establish the counterclaim are found throughout plaintiff's complaint and defendant's answer. For example, the counterclaim alleges plaintiff "entered into a written agreement with Defendant." The contract formation itself is conclusory, but plaintiff already conceded that she entered the agreement in her own complaint (Doc. 1, at ¶ 52 ("Plaintiff accepted the last option to continue her employment and be terminated October 1, 2018")). Based on this, the existence of a contract can be inferred.

Consideration can also be found in ¶ 143 of the answer, which states "*In exchange for employment as an Investment Strategist*, the Agreement contains a General Release." The court assumes this fact is true, rendering employment as an investment strategist the alleged consideration for the release.

The third element, as defendant points out, is inherent throughout the complaint. Paragraphs 54–72 of plaintiff's complaint contain factual allegations of what occurred at work after she accepted the agreement and continued her employment; the permissible implication is that defendant was willing to (and did) perform in compliance with the contract.

The counterclaim also states, "the Agreement contains a General Release, releasing Defendant from all claims, causes of action, costs and attorney's fees related to Plaintiff's employment from her date of hire" (Doc. 3, at ¶ 143), which is another fact the court must accept as true. Given the nature of

plaintiff's claim, this fact alone plausibly suggests that plaintiff breached the agreement when she brought her claim. As a result of this alleged breach, defendant was damaged by having to defend this action.

The purpose of Fed. R. Civ. P. 8(a) is to provide notice and some factual detail regarding the claim. The elements of a contract are found throughout the pleadings in this case, such as plaintiff conceding she accepted the offer of demotion and release of claims in exchange for a delayed termination. The terms and subsequent breach are properly alleged in the counterclaim. Accordingly, the counterclaim satisfies the notice pleading standard and provides plaintiff with fair notice of the claim and the grounds on which it rests.

### Can defendant allege release/breach of contract claim as a counterclaim, with attorney's fees as damages?

Plaintiff argues that defendant cannot raise the release as a counterclaim because release is an affirmative defense. Plaintiff further argues that defendant is not entitled to attorney's fees because the "American rule" does not allow attorney's fees unless provided by statute or contract.

These issues are not ones that the court intends to resolve on a motion to dismiss, particularly without the contract attached. Whether defendant may bring a counterclaim and a request for attorney's fees depends on the language in the parties' agreement. And there is much disagreement between the courts as to whether either is permissible in this situation. The parties have not provided the court with adequate citation to caselaw in support of their positions. Nevertheless, the court researched the issue on its own, but determines that plaintiff has not met her burden of showing that she is entitled to dismissal of the counterclaim at this time. Plaintiff's motion is denied on these issues, but plaintiff may raise the arguments again, with more factual and legal support.

**IT IS THEREFORE ORDERED** that plaintiff/counterclaim defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 6) is denied.

Dated this 28th day of January, 2019, at Kansas City, Kansas.

<pre>
                                    s/ Carlos Murguia            
                                    CARLOS MURGUIA
                                    United States District Judge
</pre>