# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JULIE A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2340-CM-KGS |
| | ) | |
| KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Motion for Leave to Amend Complaint. (ECF No. 22.) Defendant partially opposes plaintiff's motion to amend by arguing that plaintiff's amendments do not cure existing defects in plaintiff's claims. (ECF No. 25.) For the reasons stated below, defendant's objections are overruled and plaintiff's motion is granted.

### I. Background

Plaintiff filed her complaint against defendant on June 25, 2018.[1] In her complaint, plaintiff alleges she began suffering from a medical condition that interfered with her work with defendant.[2] Plaintiff alleges five counts against defendant, including disparate treatment and retaliation, in violation of the Americans with Disabilities Act (ADA),[3] the Age Discrimination

---

[1] Pl. Compl. ECF No. 1.

[2] *Id*. at 3.

[3] 42 U.S.C. § 12101 *et seq*.

in Employment Act of 1967(ADEA),[4] and the Family Medical Leave Act (FMLA).[5] Plaintiff seeks compensatory and punitive damages among other remedies for her ADA retaliation claim.

On August 24, 2018, defendant filed its answer and counterclaim.[6] Defendant alleges that plaintiff signed an agreement releasing defendant of liability from claims related to her employment and asserts plaintiff breached the contract by filing suit.[7] In response to the counterclaim, plaintiff filed a motion to dismiss for failure to state a claim on September 21, 2018.[8] As of the time of this order, the plaintiff's motion remains pending.

On November 12, 2018, plaintiff filed a motion for leave to amend complaint.[9] In her motion, plaintiff asserted that she sought to amend her complaint to "more fully brief her allegations under the ADEA, and to remove certain claims for damages . . . ."[10] Defendant did not consent to her amendment.[11] On November 26, 2018, defendant filed its response.[12] Plaintiff filed a reply on December 10, 2018.[13]

---

[4] 29 U.S.C. § 621 *et seq*.

[5] 29 U.S.C. § 2601 *et seq*.

[6] Def.'s Answer and Countercl. ECF No. 3.

[7] *Id*. at 18-19.

[8] Pl.'s Mot. to Dismiss for Failure to State a Claim. ECF No. 6.

[9] Pl.'s Mot. for Leave to Am. Compl. ECF No. 22.

[10] *Id*. at 2.

[11] *Id*.

[12] Def.'s Resp. to Pl.'s Mot. for Leave to Am. Compl. ECF No. 25.

[13] Pl.'s Reply Mem. in Supp. Of Mot. for Leave to Amend Compl. ECF No. 29.

## II. Discussion

Plaintiff is entitled to file her first amended complaint. Under Rule 15(a)(2), the court should freely give leave to a party to amend its pleading when justice so requires.[14] The court may refuse leave, "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory move, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[15] Defendant argues that plaintiff's amendments to her ADA retaliation claim are futile, as the amendments do not cure the count's impermissible claim for compensatory damages. Defendant further argues that plaintiff's amendments to her claim of retaliation in violation of the ADEA are futile, as the count as amended fails to assert a claim.

Defendant's objections are better addressed in a motion to dismiss rather than as objections to plaintiff's amendments. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[16] The court analyzes the proposed pleading using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."[17] A plaintiff must offer sufficient factual allegations to support each claim.[18] Only if the court finds "the proposed claims do not contain enough facts to state a claim

---

[14] Fed. R. Civ. P. 15(a)(2).

[15] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[16] *Hirt v. Unified Sch. Dist. No. 287*, 308 F.Supp.3d 1157, 1165 (D. Kan. 2018); *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[17] *Burnett v. Mort. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

[18] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (D. Kan. 2011).

for relief that are plausible on their face or the claims otherwise fail as a matter of law" should the court find the amendment futile.[19]

Defendant has failed to demonstrate how plaintiff's amendments, as opposed to her underlying claims, would be subject to dismissal. In *W& W Steel, LLC v. BSC Steel, Inc.*, this court rejected a party's argument that it should deny a motion to amend as futile because identical claims appearing in both a previous pleading and in a proposed amended pleading failed to state a claim.[20] In *W & W Steel*, the court determined that considering futility required consideration of proposed amendments, not claims previously pled, and that, "[s]creening claims already in the case would serve no practical purpose," as the claims would remain regardless of the outcome of the motion to amend.[21] The court noted that a motion to dismiss would be the correct mechanism for dealing with the claims originally asserted.[22]

As in *W & W Steel*, defendant's arguments only address issues with plaintiff's original claims. While defendant argues that plaintiff's amendments do not cure defects in the original complaint, defendant fails to articulate why the amendments themselves render the claims futile. Defendant's argument that the ADA does not permit compensatory damages for a retaliation claim applies both to the original complaint and to the complaint as amended. The amendments themselves do not render the claim futile. Thus, defendant is better suited to raise this argument in a motion to dismiss.

---

[19] *Hirt*, 308 F.Supp. 3d at 1165.

[20] *W & W Steel, LLC v. BSC Steel, Inc.*, No. 11-2613-RDR, 2012 WL 1828928 (D. Kan. May 18, 2012).

[21] *Id*, at *1.

[22] *Id*. The court has applied the same analysis is recent cases. *Hampton v. Barclays Bank Del.*, No. 18-4071-DDC, 2018 WL 6077987, at *3 (D. Kan. Nov. 21, 2018); *Joritz v. Univ. of Kan.*, No. 17-4002-SAC, 2018 WL 4906308, at *6 (D. Kan. Sept. 11, 2018); *Hawkins v. Bd. of Cty. Comm'rs of Coffey Cty., Kan.*, No. 17-2687-KVH, 2018 WL 3416214, at *2-3 (D. Kan. July 13, 2018).

Likewise, defendant's argument against plaintiff's ADEA claim is presented in the wrong posture. Defendant argues plaintiff has failed to state a claim under the ADEA, as plaintiff's amendments and original complaint do not allege that she engaged in any ADEA-protected activity. Defendant asserts that plaintiff's ADEA retaliation complaint should be stricken from the complaint. Defendant further cites to two cases[23] for the proposition that the court should strike a claim when a proposed amended claim fails to state a claim; however, in both cases, the district court had already dismissed the underlying claim and granted leave for the plaintiff to file an amended complaint with a sufficient claim.[24] In contrast, defendant has not sought dismissal of plaintiff's underlying claims. Thus, even if the court denied plaintiff's motion for leave to file an amended complaint, the original claims would still stand. Therefore, defendant's objections to plaintiff's motion are overruled, and defendant's motion to strike plaintiff's ADEA retaliation claim is denied without prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff is granted leave to file an amended complaint on or before March 20, 2019.

**IT IS SO ORDERED.**

Dated March 13, 2019, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge

---

[23] *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655 (D. Kan. 2014); *Ayalla v. U.S. Postmaster Gen.*, 15-7600-JAR-TJJ, 2016 WL 497752 (D. Kan. Feb. 8, 2016).

[24] *Mackley*, 296 F.R.D. at 659; *Ayalla*, 2016 WL 497752, at *1.