# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JULIE A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2340-CM-KGS |
| | ) | |
| KANSAS PUBLIC EMPLOYEES | ) | |
| RETIREMENT SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff's Motion to Quash Subpoenas and for Protective Order with Incorporated Suggestions in Support (ECF No. 27). Plaintiff contends that defendant's subpoenas to her current employer, a former coworker, and her medical providers are overbroad and unduly invasive. Defendant contends that the types of records it seeks are common and appropriate in an employment discrimination case and that plaintiff's actions necessitated the use of subpoenas.[1] For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

## I. Factual and Procedural Background

Plaintiff filed her complaint against defendant on June 25, 2018.[2] In her complaint, plaintiff alleges she began suffering from a medical condition that interfered with her work with defendant.[3] Plaintiff alleges five counts against defendant, including disparate treatment and

---

[1] Kan. Public Employees Retirement System's Response to Pl.'s Mot. to Quash and for Protective Order, ECF No. 31.

[2] Pl. Compl., ECF No. 1.

[3] *Id*. at 3.

retaliation, in violation of the Americans with Disabilities Act (ADA),[4] the Age Discrimination in Employment Act of 1967(ADEA),[5] and the Family Medical Leave Act (FMLA).[6] Plaintiff seeks compensatory and punitive damages among other remedies for her ADA retaliation claim. On November 12, 2018, plaintiff moved this court for leave to amend her complaint to more fully brief her ADEA complaint and to remove certain claims for damages.[7] On March 13, 2019, the court granted plaintiff's motion.[8]

On November 29, 2018, defendant served nine subpoenas for documents and information to non-parties connected to plaintiff.[9] Defendant seeks all employment and personnel information and records concerning plaintiff from plaintiff's current employer, DeMarche Associates, Inc.[10] Defendant further seeks all documents sent to, received from, referring to or otherwise regarding plaintiff from 2013 to the present from plaintiff's coworker, Don Leonard.[11]

---

[4] 42 U.S.C. § 12101 *et seq.*

[5] 29 U.S.C. § 621 *et seq.*

[6] 29 U.S.C. § 2601 *et seq.*

[7] Pl.'s Mot. for Leave to Amend Compl., ECF No. 22.

[8] Mem. and Order, ECF No. 59.

[9] Notice of Subpoenas, Exs. 1-9, ECF No. 26-1 to 26-9.

[10] *Id.*, ECF No. 26-1. The subpoena's exact demand is:

> All employment and personnel information and records which you may have in your care, custody and control concerning the employment of Julie A. Smith from 2013 to present, including but not limited to, applications for employment, records, notes and emails (or other communications) regarding the status of Ms. Smith's application for employment, resume, interview, offers of employment, salary and benefit negotiations, start date, attendance, wages, bonuses, hours worked, performance evaluations, counseling, discipline, FMLA, accommodations, physical or mental health, employment at KPERS, reason for leaving employment at KPERS, KPERS employees, litigation against KPERS; and the job description for the position held by Ms. Smith.

[11] Notice of Subpoenas, ECF No. 26-2. The subpoena's exact demand is:

Plaintiff worked with Leonard both at the defendant organization and at her current place of employment, and plaintiff has previously carpooled to and from work with Leonard. Defendant further seeks medical records from plaintiff's medical providers.[12]

## II. Discussion

Plaintiff asserts that the subpoenas are both overly broad and unduly invasive of plaintiff's privacy rights. Plaintiff further argues the subpoenas seek cumulative discovery and the information may be obtained by less intrusive means. Defendant responds by arguing the subpoenas are narrowly tailored to plaintiff's claim and seek non-privileged information. Furthermore, defendant argues plaintiff created the need to use subpoenas in the first place.

### a. Legal Standards

Two Federal Rules of Civil Procedure govern plaintiff's motion related to subpoenas to non-parties. Fed. R. Civ. P. 45 governs the issuance of subpoenas to non-parties. Fed. R. Civ. P.

---

All documents (emails, text messages, instant messages, Facebook or other social media messages, notes, voicemails, etc.) sent to, received from, referring to or otherwise regarding Julie A. Smith from 2013 to the present, including, but not limited to, her employment at KPERS, her job performance at KPERS, commuting to KPERS (with or without you), KPERS' telecommuting and other policies and procedures, her requests for FMLA while working at KPERS, her requests for accommodations while working at KPERS, her requests for time off while working at KPERS, her reason(s) for leaving employment at KPERS, communicating to her your reason(s) for leaving KPERS, her communication and/or interactions with KPERS employees, her opinions about KPERS employees, her complaints about her supervisors at KPERS, any allegations of discrimination or retaliation made by her regarding her employment at KPERS, her decision to hire an attorney regarding her employment with KPERS, her litigation against KPERS, any requests to testify on her behalf, her physical or mental health, social meetings/events with her, her family members, job openings/alternative employment for her, her search for employment, job offers made to her, her reason(s) for applying for employment with DeMarche, your role in assisting her in obtaining employment at DeMarche, and her reason(s) for accepting employment with DeMarche.

[12] Notice of Subpoenas, ECF No. 26-3-9. The subpoenas all demand the following:

[A]ll medical & billing records re treatment of Julie A. Smith including, but not limited to, history reports, lab tests & results, consultation reports, progress notes, diagnostic reports, itemized billing ledgers, correspondence with Ms. Smith or her representatives & any and all other records re Ms. Smith's physical or psychological condition from 1/1/13 - 11/29/18[.]

The only exception is the subpoena to Madison Avenue Psychological Services, ECF No. 26-3, which seeks the same records from 5/20/10 - 11/29/18.

45(d)(3)(A) requires the court to quash a subpoena when the subpoena requires disclosure of privileged or other protected matter, if no exception or waiver applies, and when the subpoena subjects a person to undue burden. Furthermore, "this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."[13] Fed. R. Civ. P 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. Relevance during discovery is broad,[14] and does not mean the information obtained would necessarily be admitted at trial.[15] If the party seeking discovery meets its initial, minimal burden to demonstrate its request is relevant on its face, the resisting party "must either demonstrate the discovery sought does not come within the broad scope of relevance defined in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm caused by the discovery would outweigh the

---

[13] *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)); *Martinelli v. Petland, Inc.*, No. 10-mc-407-RDR, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010) (internal citations omitted); *Martin v. Grp. 1 Realty, Inc.*, No. 12-2214-EFM-DJW, 2013 WL 3322318, at *2 (D. Kan. July 1, 2013).

[14] *See AKH Co., Inc. v. Universal Underwriters Ins. Co.*, 13-2003-JAR-KGG, 2015 WL 4523578, at *2 (D. Kan. July 27, 2015); *and Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).

[15] Fed. R. Civ. P. 26(b)(1).

presumption in favor of broad disclosure."[16] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[17]

With this legal framework in mind, the court now turns to the facts of this case.

**b. Standing**

Plaintiff argues that she has standing to challenge all nine of defendant's subpoenas. While defendant does not challenge plaintiff's standing to move to quash the subpoenas, standing is a threshold issue the court must consider. "A motion to quash a subpoena must be made by the party to whom the subpoena is directed, except in circumstances in which a party challenging the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[18] A movant has a personal right with respect to his or her personnel file and applications for employment.[19] Furthermore, a movant has a personal right to privacy in his or her medical records.[20] Additionally, this court has found that a movant has a personal right in the communications of nonparties when the subpoena specifically identifies the movant as a subject or participant in the communications.[21]

---

[16] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-MC-224-CM-TJJ, 2016 WL 6996275, at *4 (D. Kan. Nov. 30, 2016) (citing Speed Trac, 2008 WL 2309011, at *3).

[17] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[18] *Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, 2008 WL 11381380, at *4 (D. Kan. Oct. 27, 2008) (citing *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)).

[19] *See Beach v. City of Olathe*, No. 99-2210-GTV, 2001 WL 1098032, at *2 (D. Kan. Sept. 17, 2001).

[20] *Carter v. Spirit Aerosystems, Inc.*, 16-1350-EFM-GEB, 2018 WL 6249991, at *2 (D. Kan. Nov. 29, 2018).

[21] *See Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2017 WL 3723277, at *5-6 (D. Kan. Aug. 29, 2017).

Here, plaintiff has standing to challenge all nine subpoenas. Defendant's subpoena to plaintiff's current employer seeks personnel files and records related to her employment. Furthermore, plaintiff has a demonstrable right of privacy in her medical records. Finally, the defendant narrows the Don Leonard subpoena to only documents involving or regarding plaintiff. Thus, plaintiff has standing to challenge the subpoena.

### c. Subpoena to Plaintiff's Current Employer

Plaintiff argues that the subpoena of her current employer produces an undue burden on her, as the subpoena seeks private information, and the subpoena's broad scope may lead to harassment or embarrassment for plaintiff. Plaintiff notes that the request seeks "all employment and personnel information and records . . . concerning employment of Julie A. Smith from 2013 to present." Plaintiff further argues that the subpoena is over broad and seeks irrelevant information, as her subsequent work history is not at issue in the case. Defendant responds by arguing that employment records are not privileged. Defendant further argues that plaintiff's overbreadth and relevancy arguments are insufficient to quash the subpoena.

Plaintiff's privacy argument is unpersuasive. In general, personnel files, employment records, and similar documents are not privileged and are routinely discoverable in civil litigation.[22] Likewise, simply because employment records may contain private or personal information does not render them undiscoverable.[23] Privacy concerns can and should be addressed by making the information subject to a protective order limiting the parties' use and

---

[22] *Furr v. Ridgewood Surgery and Endoscopy Ctr., LLC*, No. 14-1011-RDR, 2014 WL 6472885, at *3 (D. Kan. Nov. 18, 2014).

[23] *Id.*

6

disclosure of the discovered, private information.[24] None of the caselaw plaintiff cites support plaintiff's position that the subpoena must be quashed merely because it includes private information. As plaintiff fails to establish that a privilege exists to require this court to quash defendant's subpoena, plaintiff's privacy argument is unpersuasive.

Plaintiff's overbreadth and relevance arguments are likewise insufficient. In an employment discrimination case, defendants carry the burden to show "that the plaintiff failed to mitigate his or her damages."[25] Any information tending to demonstrate plaintiff's efforts to obtain or maintain similar employment can be relevant to defendant's burden of proof at trial.[26] Thus, subsequent employment records are facially relevant in an employment discrimination case brought under ADEA.

Plaintiff as the resisting party carries the burden to demonstrate that the discovery request seeks documents beyond the scope of discovery or is disproportional with the harm done to the resisting party. Plaintiff fails to demonstrate either. As defendant notes,[27] none of the cases plaintiff cites support plaintiff's proposition that seeking employment records and personnel files from a subsequent employer goes beyond the scope of discovery in an employment discrimination case. Plaintiff cites to *Maddow v. Procter & Gamble Co., Inc.*,[28] for the proposition that only dates of employment, hours worked, and wage and benefits at subsequent

---

[24] *Id.*

[25] *Leidel v. Ameripride Services, Inc.*, 276 F.Supp.2d 1138, 1143 (D. Kan. 2003).

[26] *Parker v. Delmar Gardens of Lenexa, Inc.*, No. 16-2169-JWL-GEB, 2017 WL 1650757, at *6 (D. Kan. May 2, 2017).

[27] Kansas Public Employees Retirement System's Resp. to Pl.'s Mot. to Quash and for Protective Order, ECF No. 31, at 6, n. 5.

[28] 107 F.3d 846 (11th Cir. 1997).

employers is relevant to discovery, but *Maddow* merely agreed with a lower court decision that income tax forms and attorney fee arrangements were discoverable. It did not indicate a limitation on the scope of discovery in employment discrimination cases.

Likewise, plaintiff's reliance on *Maxwell v. Health Center of Lake City, Inc.*[29] is misplaced. *Maxwell* is a racial discrimination and retaliation case and involved subpoenas for personnel records to the employee's former employers.[30] The *Maxwell* defendant sought these records to find admissible evidence of the plaintiff's work history, wage history, and other relevant evidence.[31] The *Maxwell* court determined that the blanket subpoena of the plaintiff's prior employers for the plaintiff's employment records was overly broad and would only lead to inadmissible character evidence, as prior work performance would not dictate the plaintiff's work at the defendant institution.[32] Here, plaintiff fails to explain why *Maxwell* applies. Defendant seeks records regarding subsequent employment, which courts in this district have previously deemed relevant for the purpose of damages.[33] Thus, *Maxwell* is not instructive in this case.

As defendant noted, this court has held even broader discovery requests related to employment documents to be within the scope of discovery in an employment discrimination case. In *Parker v. Delmar Gardens of Lenexa, Inc.*,[34] the court analyzed multiple cases in this

---

[29] No. 5-cv-1056-J-32MCR, 2006 WL 1627020 (M.D. Fla Oct. 31, 2008).

[30] *Id*. at *1.

[31] *Id*. at *3.

[32] *Id*. at *3-4.

[33] 2017 WL 1650757, at *4-6.

[34] *Id*.

jurisdiction in which subpoenas to current and former employers sought broad categories of employment documentation and records.[35] The *Parker* court noted that while these cases and others in the district have recognized that subpoenas to current employers may present opportunities for abuse, the broad scope of discovery generally weighs in favor of allowing the subpoenas.[36] *Parker* further recognized that any information tending to demonstrate plaintiff's "efforts to obtain or maintain similar employment appears relevant to [d]efendant's burden" at trial.[37] Plaintiff's mere claim that defendant's subpoena is overbroad, irrelevant, and abusive is not supported by the caselaw of the district or by plaintiff's briefing. Thus, defendant's subpoena of plaintiff's current employer is within the broad scope of discovery, and plaintiff's motion to quash is denied as to defendant's subpoena to her current employer.

### d. Subpoena to Plaintiff's Coworker

Plaintiff next argues that defendant's subpoena to her coworker, Don Leonard, is overbroad. As an initial matter, the subpoena does not appear to seek information that is facially relevant. Defendant argues that all of the categories of documents it seeks from Leonard are relevant to the claims and defenses; however, the subpoena does not limit the demand for production of documents to only the categories listed. Defendant seeks "[a]ll documents . . . sent to, received from, referring to or otherwise regarding Julie A. Smith from 2013 to the present, including, but not limited to . . ." The subpoena makes it clear Leonard is expected to review every document, text message, social media post, sticky note, and any other form of document produced since 2013 to the present to determine if they involve plaintiff in any fashion. As

---

[35] *Id.*

[36] *Id.* at *5.

[37] *Id.* at *6.

9

Leonard and plaintiff commuted to work together and have worked together for many years, Leonard's documents likely include irrelevant messages along with information potentially relevant to this case. Defendants have failed to demonstrate why such a broad request is facially relevant.

The court recognizes that some of the categories defendant identified are facially relevant to an employment discrimination case. However, the court fails to see how a request for documents related to plaintiff's family or documents related to social events with plaintiff are facially relevant to a claim of employment discrimination. Fed. R. Civ. P. 45(d)(1) directs the court to ensure that subpoenas avoid an undue burden on the person subject to the subpoena. In this case, the court believes a less intrusive means of acquiring these documents would be possible. The plaintiff's motion to quash defendant's subpoena to Don Leonard is granted. Based on the text of the request, defendant seemingly could get many of the documents through the plaintiff or some of the same information through a deposition of Leonard. Defendant is granted leave to seek these documents through a less intrusive means, and the court will consider a more narrowly tailored subpoena to Don Leonard focused on specific events, times, or topics relevant to this case if a subpoena is necessary.

### e. Subpoena to Plaintiff's Medical Service Providers

Defendant's subpoenas to plaintiff's medical providers are within the broad scope of discovery and proportional to the needs of this case. As a threshold matter, plaintiff has put her medical condition at issue in this case, so defendant's subpoenas for medical records are facially relevant to the claims and defenses in the present matter. Therefore, plaintiff carries the burden to demonstrate that the subpoenas go beyond the scope of discovery or are disproportionate to the needs of the case. Here, plaintiff merely asserts that the subpoenas are broad in scope and

seek a vast amount of irrelevant material; however, plaintiff makes no effort to demonstrate that the subpoenas actually seek or would otherwise produce irrelevant material. Plaintiff asserts that her medical condition was related to her alleged discrimination at defendant organization, thus, records from her doctor are relevant to the facts, claims, and defenses of this case. Plaintiff again speculates without support that a "huge amount of material" irrelevant to the case will be produced because of the subpoena. Without that showing, plaintiff's assertions are mere insufficient speculation. Therefore, plaintiff's motion to quash subpoenas is denied as to the medical providers.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoenas and for Protective Order with Incorporated Suggestions in Support (ECF No. 27) is granted in part and denied in part. Defendant's subpoena to Don Leonard is quashed.

**IT IS SO ORDERED.**

Dated March 13, 2019, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
