#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SMITH ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02340-CM-ADM |
| ) | |
| KANSAS PUBLIC EMPLOYEES ) | |
| RETIREMENT SYSTEM, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

### ANSWER TO COUNTERCLAIM

COMES NOW Plaintiff and Counterclaim Defendant Julie A. Smith (hereinafter "Plaintiff"), by and through her undersigned attorney, and for her Answer to Defendant and Counterclaim Plaintiff Kansas Public Employees Retirement System's (hereinafter "KPERS") Counterclaim, and states as follows:

### COUNTERCLAIM ANSWER

Pursuant to Fed. R. Civ. P. 8(b), Plaintiff Answers KPERS's Counterclaim as follows:

143. Answering Paragraph 143 of KPERS's Counterclaim, Plaintiff ADMITS that on June 16, 2017 she signed a document entitled "KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM UNCLASSIFIED EMPLOYMENT AGREEMENT" (hereinafter, the "Agreement"). Further answering Paragraph 143, Plaintiff states that the remaining allegations are legal conclusions to which a response is not required. To the extent that it could be considered a statement of fact, Plaintiff DENIES that she entered into a legally binding agreement by signing the document.

144. Answering Paragraph 144 of KPERS's Counterclaim, Plaintiff ADMITS that the Agreement contains provisions which, among other things, discuss and describe a position of Investment Strategist, and purport to be a release of liability. Further answering Paragraph 144, Plaintiff states that the remaining allegations are legal conclusions to which a response is not required. To the extent that it could be considered a statement of fact, Plaintiff DENIES that she entered into a legally binding agreement by signing the document, that she effectively released any claims, or that the Investment Strategist position constituted consideration received in exchange for the purported release.

145. Answering Paragraph 145 of KPERS's Counterclaim, Plaintiff states the allegations contained therein are legal conclusions to which a response is not required. To the extent that it could be considered a statement of fact, Plaintiff DENIES that she released any claim, that the claims in Counts I, III, and/or V were released, that she breached any provision of the Agreement or of any contract, or that bringing a claim that was or may have been released would constitute a breach of contract.

146. Answering Paragraph 146 of KPERS's Counterclaim, Plaintiff states that the allegations contained therein are legal conclusions to which a response is not required. To the extent that it could be considered a statement of fact, Plaintiff DENIES that her bringing the actions purported waived is the cause of KPERS having to incur costs and attorneys' fees, that she released any claim, that the claims included in any count were waived; Plaintiff is without sufficient knowledge to know whether KPERS has incurred any costs or attorneys' fees as a result of the purportedly released claims and therefore DENIES the same.

## AFFIRMATIVE DEFENSES / AVOIDANCES

Plaintiff further pleads the following affirmative defenses to KPERS's counterclaim, which she also preemptively pleads as avoidances should KPERS adequately plead any affirmative defenses based upon the same purported Agreement.

**A.  Duress**

147. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs, as well as in her First Amended Complaint. (Doc. 64).

148. At the time KPERS presented the release to Plaintiff, KPERS threatened to terminate Plaintiff's employment if Plaintiff did not sign.

149. As pleaded in Plaintiff's Complaint, such termination was unlawful.

150. Upon information and belief, KPERS's purpose in presenting the Agreement at the time of the threatened termination was to coerce Plaintiff into terminating the agreement.

151. Upon information and belief, KPERS's objective in presenting the Agreement at the time of the threatened termination was to gain an undue advantage.

152. The threat of termination is one that can compel an individual to enter into a disadvantageous agreement.

153. Because she needed employment to support herself, Plaintiff had no choice but to sign the Agreement, even though it was against her best interest.

154. Plaintiff became a party to the Agreement while under duress.

**B.  Unconscionability**

155. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs, as well as in her First Amended Complaint. (Doc. 64).

156. The Agreement was shockingly unfair to Plaintiff.

157. Under the Agreement, Plaintiff released KPERS from all liability arising out of her employment, including from future misconduct by KPERS, thus effectively consenting to any unlawful conduct to which KPERS wished to subject her, including, but not limited to sexual harassment, wage theft, or additional discrimination.

158. The broad scope of the General Release might even have released KPERS from an action by Plaintiff for breach of contract, rendering any theoretically value to her legally worthless.

159. All Plaintiff received in return for the General Release was the possibility of employment.

160. That employment was set to automatically terminate in October 2018.

161. The Agreement provided that Plaintiff could be terminated "for cause," with a vast number of vaguely defined causes, and language that made clear that the list was not inclusive.

162. Under the agreements' terms, KPERS could terminate Plaintiff for any reason, and assert that it was "for cause" pursuant to the agreement.

163. The Agreement was effectively presented on a take-it-or-leave-it basis, with Plaintiff's only other choices being termination or resignation.

164. KPERS had vastly more bargaining power in forcing Plaintiff to choose between the Agreement and a termination.

165. KPERS required Plaintiff to decide within forty-eight (48) hours whether she would sign the agreement or be terminated, preventing her from fully analyzing and understanding what she was giving up by signing the Agreement.

### C. Failure of Consideration

166. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs, as well as in her Complaint. (Doc. 1).

167. The Agreement did not provide Plaintiff with any benefit to which she was not already entitled.

168. While the Agreement purported to provide Plaintiff with employment, because it was offered with a threat of termination from her present employment, it was really an offer not to terminate Plaintiff for a period of time. However, because such termination would have been unlawful, KPERS did not provide Plaintiff with anything of value.

169. Because, had she been terminated at the time, Plaintiff would have been entitled to recover any lost wages or benefits from Defendant because of the unlawful discrimination, those do not constitute a thing of value to which she was not entitled.

170. The Agreement provided for the termination of Plaintiff's employment immediately at any time under a broadly-worded list of causes, and the causes for termination only included, but were not limited to, the items on that list.

171. Thus, the purported offer of employment was actually illusory, as KPERS could terminate it at any time.

172. Therefore, there was no adequate consideration provided to Plaintiff under the Agreement.

### D. Statutory Invalidity under the ADEA (avoidance only)

173. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs, as well as in her Complaint. (Doc. 1).

174. Among the Claims in Plaintiff's complaint is a claim under the Age Discrimination in Employment Act ("ADEA").

175. The waiver signed by Plaintiff was not "knowing and voluntary" as defined by the ADEA.

176. The Agreement was not written in a manner calculated to be understood by such Plaintiff or the average individual.

177. The Agreement purported to release KPERS from claims that could have arisen after the date the waiver was executed.

178. The Agreement did not release the claims in exchange for consideration in addition to things of value to which Plaintiff already was entitled.

179. Plaintiff was not advised in writing to consult with an attorney prior to executing the agreement.

180. Plaintiff was not given a period of at least twenty-one (21) days to consider the Agreement.

181. The Agreement did not provide that for any period of time after its execution during which Plaintiff could revoke the Agreement.

Date: April 17, 2019                                       Respectfully submitted,


By: /s/ *Alexander Edelman*
Alexander Edelman,           #KS - 25821
Sarah Liesen,                #KS- 26988
Edelman, Liesen & Myers, L.L.P.
4051 Broadway, Suite 4
Kansas City, MO 64111
816-533-4976
Fax: 816-463-8449
aedelman@elmlawkc.com
sliesen@elmlawkc.com

**ATTORNEYS FOR PLAINTIFF /
COUNTERCLAIM DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2019, a true and correct copy of the foregoing was filed with the CM/ECF system which sent notification to:

Thomas V. Murray
Tammy M. Somogye
10851 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
Telephone: 913-451-5100
Facsimile: 913-451-0875
Email: tmurray@lathropgage.com
tsomogye@lathropgage.com

and

Amanda Sisney
23645 Grand Boulevard
Kansas City, Missouri 64108-2618
Telephone: 816-292-2000
Facsimile: 816-292-2001
Email: asisney@lathropgage.com

**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM PLAINTIFF KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM**

By:  /s/ *Alexander Edelman*
    ALEXANDER EDELMAN
    ATTORNEY FOR PLAINTIFF