# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-2340-CM |
| KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant Kansas Public Employees Retirement System's ("KPERS") Motion for Leave to Amend Answer to Include Sovereign Immunity Defense. (ECF No. 95.) Plaintiff Julie A. Smith opposes the motion. KPERS filed the motion on September 20, 2019. This was over ten months after the scheduling order deadline for amending the pleadings, over five months after KPERS filed its answer to plaintiff's amended complaint, and just ten days before the scheduled close of discovery. Furthermore, the motion is not based on information newly learned in discovery or on a change in the law but rather based on years-old Supreme Court precedent. The court therefore denies the motion because KPERS has not demonstrated good cause to allow the belated amendment.

## I. BACKGROUND

Ms. Smith filed this case on June 25, 2018, alleging that her former employer, KPERS, unlawfully discriminated and retaliated against her in violation of the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq.* (ECF No. 64.) KPERS

asserts a counterclaim against Ms. Smith for breach of an agreement that KPERS contends released certain claims Ms. Smith asserts in this suit. KPERS seeks damages and attorneys' fees associated with the defense of those claims. (ECF No. 68.) At no time prior to this motion has KPERS raised the defense of sovereign immunity.

On September 20, 2019, KPERS filed the current motion to amend, seeking to assert a sovereign immunity defense based on Supreme Court decisions from 2000, 2001, and 2012, but that KPERS contends it only recently discovered. (ECF No. 95, at 1.) KPERS contends the defense decisively bars Ms. Smith's claims. Specifically, KPERS cites *Coleman v. Court of Appeals of Maryland*, as holding that suits against states under the self-care provision of the FMLA are barred by sovereign immunity, 566 U.S. 30 (2012); *Board of Trustees of the University of Alabama*, as holding that Eleventh Amendment immunity bars suits in federal court by state employees to recover money damages for the state's failure to comply with Title I of the ADA, 531 U.S. 356 (2001); and *Kimel v. Florida Board of Regents*, as holding that the ADEA's attempt to abrogate the states' immunity exceeded Congressional authority under the Fourteenth Amendment, 528 U.S. 62 (2000). KPERS did not previously plead this defense in its initial answer filed on August 24, 2018, or in its answer to Ms. Smith's amended complaint filed on April 3, 2019. (ECF Nos. 3 and 68.) Ms. Smith opposes the motion on the following grounds: (1) KPERS has not established good cause for a motion to amend filed after the scheduling order deadline; (2) the proposed defense is futile; and (3) Ms. Smith would be prejudiced if the court were to allow the amendment.

## II. ANALYSIS

The scheduling order established a deadline of December 11, 2018, for motions to amend the pleadings. (ECF No. 18, at 8.) KPERS filed the current motion on September 20, 2019 (ECF

No. 95), which was over ten months after the scheduling order deadline. When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause for modifying the scheduling order under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). If the moving party fails to demonstrate good cause, the court may deny the motion on this basis alone. *See id* at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018) (affirming the district court's denial of a motion to amend based on a lack of good cause).

"Rule 16(b)(4) is arguably more stringent than Rule 15[.]" *Husky Ventures*, 11 F.3d at 1019. It provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures*, 911 F.3d at 1020. Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] [defenses], . . . the [defenses] are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.*

KPERS suggests that it should not be subject to the good-cause standard because the operative pleading it seeks to amend was filed after the deadline for amendments to the pleadings, through no fault of its own. (ECF No. 96, at 3 ("KPERS clearly could not have moved to amend an answer that was not yet on file.").) KPERS correctly notes that Ms. Smith filed her amended complaint on March 20, 2019 (ECF No. 64), which was after the deadline for motions to amend; therefore, KPERS also filed its answer to the amended complaint after the deadline to amend. But

3

just because KPERS was required to respond to an amended complaint filed after the deadline for amendments does not excuse KPERS from complying with the deadline altogether. KPERS filed its original answer and counterclaim on August 24, 2018, and KPERS could have moved to amend that pleading at any time prior to when Ms. Smith filed her amended complaint—including prior to the December 11 deadline. The fact that KPERS was prompted to answer an amended complaint outside of the deadline for amendments to the pleadings does not render the deadline moot when the defense was available from the outset and was not triggered by the amendment.

Turning to the reasons for the belated amendment, KPERS does not contend that it learned of new information through discovery that supports the sovereign immunity defense or that the law underlying sovereign immunity has changed. Rather, KPERS contends only that it recently learned the defense was available to it. KPERS explains, in a footnote in its reply brief, that it has never faced a lawsuit alleging violations of the ADA, the ADEA, and the FMLA and so KPERS pleaded traditional defenses available in an employment action, including an "after-acquired evidence defense" pertaining to new information learned through discovery. However, years-old Supreme Court decisions were readily available from the outset and were not "information learned through discovery." And although KPERS may not have been involved in this particular type of case before, KPERS was obviously aware of the sovereign immunity defense because it has previously asserted that defense in other lawsuits filed in this district. *See, e.g., Am. Int'l Specialty Lines Ins. Co. v. Reimer & Koger Assocs., Inc.*, 874 F. Supp. 324, 326 (D. Kan. 1995) ("Under these circumstances the court finds that KPERS is an arm of the state for purposes of the Eleventh Amendment."); *Reiger v. Kansas Pub. Employees Ret. Sys.*, 755 F. Supp. 360, 361 (D. Kan. 1990) (granting KPERS' motion to dismiss based on Eleventh Amendment immunity); *see also* KAN. STAT. ANN. § 74-4903 (establishing KPERS as a body of the State of Kansas). The fact that a

4

defense was readily discoverable from the outset but not discovered until more than nine months after the deadline for amendments to the pleadings does not comport with a finding that KPERS could not have met the deadline for amendments despite "diligent efforts." *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717–18 (8th Cir. 2008) (no good cause to assert "a purely legal defense based on readily available federal law" and noting that if the moving party had "been diligent, it would have performed this research at the outset of the litigation and at least prior to the scheduled deadline for adding affirmative defenses"); *see also Husky Ventures*, 911 F.3d at 1021 (finding no abuse of discretion in finding lack of good cause when the party seeking to amend "did not did not act with reasonable diligence in unearthing—through the customary tools of discovery—the ostensibly newly discovered evidence" (internal quotations omitted)). For these reasons, KPERS has not established good cause to modify the scheduling order to allow the motion to amend. KPERS' motion is therefore denied on that basis alone.

The court wishes to emphasize that it is merely concluding only that KPERS has not satisfied the legal standard for an untimely motion to amend the pleadings. The court is not deciding the issue of whether KPERS should ultimately be allowed to assert the defense—that is, whether KPERS has waived the defense. The undersigned recognizes that states enjoy two types of sovereign immunity—Eleventh Amendment immunity from suit and a broader kind of immunity from liability. *See Trant v. State of Oklahoma*, 754 F.3d 1158, 1172 (10th Cir. 2014) (discussing the types of sovereign immunity). KPERS does not specify which type of sovereign immunity it asserts.[1] Eleventh Amendment immunity "may be raised at any time, even on appeal

---

[1] It appears reasonably likely that KPERS is attempting to assert Eleventh Amendment immunity. Its proposed amended answer states that "KPERS is entitled to sovereign immunity and the Court lacks jurisdiction over Plaintiff's claims." (ECF No. 95-1, at ¶ 130.)

for the first time," but, "like an affirmative defense, it may be waived by the affected party." *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008). One of the ways in which a state may waive its Eleventh Amendment immunity through affirmative litigation conduct. *See Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 13, 617 (2002) (state's removal of a case to federal court waives Eleventh Amendment immunity). However, the circuit-level authority on the issue of waiver by affirmative litigation conduct is case-specific and not necessarily uniform. *Compare Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 342 (5th Cir. 2011) (finding that the State of Louisiana had not waived Eleventh Amendment immunity by failing to raise it as a defense in district court but instead litigating on the merits) *with Ku v. Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003) ("[W]e hold that appearing without objection and defending on the merits in a case over which the district court otherwise has original jurisdiction is a form of voluntary invocation of the federal court's jurisdiction that is sufficient to a waive a State's defense of Eleventh Amendment immunity). But the court need not and will not decide whether KPERS has waived this defense in order to decide the current motion because the parties have not raised or briefed this issue. To the extent that KPERS still wishes to invoke sovereign immunity, the parties will need to present this issue via dispositive motion practice.

### III. CONCLUSION

KPERS has not shown good cause to modify the scheduling order to allow its belated motion to amend. Specifically, KPERS has not established that, despite due diligence, it could not have discovered this readily discoverable sovereign immunity defense long ago.

**IT IS THEREFORE ORDERED** that Defendant Kansas Public Employees Retirement System's Motion for Leave to Amend Answer to Include Sovereign Immunity Defense (ECF No. 95) is denied.

6

**IT IS SO ORDERED.**

Dated October 9, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge