**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JULIE A. SMITH, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-02340-CM |
| | ) |
| KANSAS PUBLIC EMPLOYEES | ) |
| RETIREMENT SYSTEM, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO KPERS'S MOTION TO DESIGNATE TOPEKA AS PLACE OF TRIAL**

COMES NOW Plaintiff and Counterclaim Defendant Julie A. Smith (hereinafter "Plaintiff"), by and through her undersigned counsel, and for her Memorandum in Opposition to Defendant and Counterclaim Plaintiff Kansas Public Employees Retirement System's (hereinafter "KPERS") Motion to Designate Topeka, Kansas as Place of Trial (hereinafter, the "Motion") (Doc. 126), and states as follows:

**I. NATURE OF THE MATTER**

This is an action for disability discrimination, age discrimination, and retaliation brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), as amended, the Age Discrimination in Employment Act 29 U.S.C. § 621 *et seq.* ("ADEA"), as amended, and the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.* ("FMLA").

**II. CONCISE STATEMENT OF THE FACTS**

Plaintiff initiated this action by filing her Complaint on June 25, 2018, designating Kansas City, Kansas as the place of trial. (Complaint, Doc. 1 at 17). In its responsive pleading, KPERS designated Topeka, Kansas as the place of trial. (Answer and Counterclaim, Doc. 3 at 19). Upon Plaintiff amending her Complaint and KPERS responding thereto, the same designations were

1

repeated. *See* (First Amended Complaint, Doc. 64 at 17); (Answer and Counterclaim, Doc. 68 at 18). Trial was originally scheduled for February 3, 2020. (Scheduling Order, Doc. 18 at 2). Due to certain delays related to discovery, this Court allowed for the extension of certain deadlines contained in the original Scheduling Order (*See* Order, Doc. 52). Ultimately, the alterations to the Scheduling Order required a new trial date of June 1, 2020. (Scheduling Order, Doc. 69 at 2 ¶ 8). Currently, the trial is docketed to take place on June 1, 2020 in Kansas City, Kansas. (Pretrial Order, Doc. 116 at 20).

Plaintiff's deposition was taken in the offices of her counsel in Kansas City, Missouri. (Plaintiff Deposition Notice, Doc. 77 at 1). The deposition of KPERS's employees, officers, and representatives, were taken at the offices of counsel for KPERS in Overland Park, Kansas. *See* (Miller Deposition Notice, Doc. 81 at 1); (Baker Deposition Notice, Doc. 90 at 1); (Corporate Representative Deposition Notice, Doc. 111 at 1).

The witnesses in this case and the other pertinent information relevant to Defendants' Motion has likely been known to Defendants for the entirety of this case. However, Defendants have waited until just months before trial to file their Motion.

### III.   QUESTIONS PRESENTED

1.   Is Kansas City, Kansas, a sufficiently inconvenient forum that Plaintiff's choice of forum should be disregarded by the Court?

2.   Should the Court transfer the place of trial to Topeka, Kansas?

### IV.   ARGUMENT

KPERS seeks to have the trial in this matter transferred from Kansas City, Kansas, where it is currently set (and has been since its inception in June of 2018) to Topeka, Kansas. Because

the determination is left to the Court's discretion and the factors favor the Plaintiff's designation, this Court should deny Defendants' Motion.

At the time she files her complaint, a plaintiff must file a request naming the city where such plaintiff desires the trial be held. D. Kan. Rule 40.2(a). However, the Court is not bound by said requests. D. Kan. Rule 40.2(e). Thus, when evaluating motions for intra-district transfer courts in this district generally look to the factors used in analyzing change of venue motions under 28 U.S.C. § 1401(a). *Bauer v. City of De Soto, Ks.*, No. 04-4027-JAR, 2004 WL 2580790, at *1 (D. Kan. Nov. 3, 2004); *Aramburu v. Boeing, Co.*, 896 F. Supp. 1063, 1064 (1995). Under section 1404(a), a court should consider: (1) the plaintiff's choice of forum, (2) the convenience for the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Aramburu*, 896 F. Supp. at 1064.

The party seeking transfer bears the burden of proving the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed. *Id.* Except for the most compelling reasons, cases are generally not transferred between cities. *Bauer*, 2004 WL 2580790, at *1. As explained below, KPERS has failed to demonstrate that the factors balance strongly in its favor. Therefore, the Court should deny KPERS's motion and allow the case to be tried in Kansas City, Kansas.

### 1. Plaintiff's Choice of Forum

Generally, the plaintiff's choice of forum is given significant weight. *Aramburu*, 896 F. Supp. at 1064, (citing *M.K.C. Equipment Co. Inc. v. M.A.I.L. Code, Inc.*, 843 F.Supp. 679, 683 (D.

Kan. 1994)). Here, Plaintiff has selected Kansas City, Kansas as the choice of forum for the trial. (*See* Complaint, Doc. 1 at 17). KPERS has not shown adequate reason to disrupt this choice.

KPERS argues that because Plaintiff resides in Stillwell, Kansas, rather than Kansas City, Kansas, her choice of forum should be given far less weight. (Memo. in Supp., Doc. 126-2 at 2). However, the case law supporting such position entail plaintiffs who live in or near the forum to which transfer is sought. *See*, *e.g.*, *McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL1646402 at *1 (D. Kan. April 14, 2015) (plaintiff lived in Wichita and defendant sought transfer to Wichita); *McDermed v. Marian Clinic, Inc.*, No. 14–2194–EFM–KMH, 2014 WL 6819407, at *1 (D. Kan. December 2, 2014). Here, Plaintiff resides in Stillwell, Kansas. (Pretrial Order, Doc. 116 at 3, Stipulations ¶ 1). While Stillwell is not Kansas City, Kansas, it is substantially closer to Kansas City, Kansas than to Topeka, Kansas. Indeed, one of KPERS's contentions is that Plaintiff's commute to Topeka was so burdensome on her that it is the real reason for her departure, rather than a constructive discharge. (*See id.* at 8-13).

This factor weighs heavily against changing the place of trial.

### 2.     Convenience of the Witnesses

KPERS focuses on this factor, suggesting that it weighs heavily in favor of holding the trial in Topeka. However, it has failed to meet its burden of showing that this is the case. KPERS explains that of the 23 witnesses listed in Plaintiff's Supplement Rule 26(a) Disclosures, 11 are KPERS employees, and of those, "five live in Topeka, four live in Lawrence, two live in Lancaster or Wamego (both of which are closer to Topeka than Kansas City)." (Memo. in Supp., Doc. 126-1 at 3). KPERS avers that Topeka "would be more convenient for the vast majority of witnesses." (*Id.*). However, its argument is not supported by those underlying facts. First, Lancaster, Kansas, does not appear to be substantially closer to Topeka than to Kansas City. Moreover, eleven out of

4

twenty-three witnesses is not even a majority, let alone "the vast majority." KPERS disregards not only the inconvenience to Plaintiff (which, again, is a fact it has raised in the substantive portion of this trial), but also Plaintiff's other witnesses (such as those at her new employer as well as medical providers) who live and work in Johnson County, Kansas, far closer to Kansas City than Topeka.

Further, the KPERS have failed to provide any specific information showing that its employees would be substantially inconvenienced by testifying in Kansas City, rather than Topeka. For example, it has not shown that any witnesses are "unwilling to come to trial" held in Kansas City. *See Scheidt*, 956 F.2d at 965. Indeed, each of the employees of KPERS that was deposed for this case was deposed at the offices of KPERS's counsel in Overland Park, Kansas, in Johnson County, far closer to Kansas City than Topeka. None of those deponents made any objection to such location, nor did KPERS.

KPERS has failed to demonstrate Topeka is substantially more inconvenient thank Kansas City, so this factor weights in favor of Plaintiff's designated location of trial.

### 3. The Accessibility of Witnesses and Other Sources of Proof

KPERS does not address this factor, and in this case it seems to largely overlap with the others. As Plaintiff pointed out, the witnesses she has deposed all came to Overland Park for their depositions, suggesting there is no issue gaining access to them. Similarly, Plaintiff points out that the offices of counsel for Plaintiff and KPERS are located in Kansas City, Missouri and Overland Park, Kansas, respectively. To the extent counsel may need access to their offices during trial, Kansas City provides a far more convenient forum. This factor weighs, if at all, in favor of keeping the trial in Kansas City.

5

### 4. The Possibility of Obtaining a Fair Trial

There may be some issue obtaining a fair trial in Topeka, Kansas. Topeka is the state capital of Kansas, and home to many of its state government offices. This substantially increases the possibility that many of the potential jurors could be state workers, their spouses, or other immediate family members. KPERS manages the retirement benefits of at least some of those state employees.

In suggesting that the presence of the state as an employer should not be a factor, KPERS cites cases holding that the mere fact that a defendant is a major employer in an area is not sufficient basis for believing there will be an issue obtaining a fair trial. (Memo. in Supp., Doc. 126-1 at 3-4) (citing *Daniels v. Cessna Aircraft Co.*, No. 08–2625–CM, 2009 WL 1226741 at *2 (D. Kan. April 30, 2009)). However, this does not merely create the possibility of jurors whose generalized economic interests may lie with the Defendant. State employees with pensions or other benefits managed by KPERS would be *members* of KPERS, and they and their beneficiaries would possibly have a direct economic stake in the outcome of the election. That is a substantially more significant connection than merely sharing an employer.

This factor weighs in favor of keeping the trial in Kansas City.

### 5. All Other Practical Considerations That Make a Trial Easy, Expeditious and Economical

Other factors also weigh in favor of keeping the trial in Kansas City. While holding the trial in Wichita may be more convenient for KPERS, it is plainly less convenient for Plaintiff. "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Scheidt*, 956 F.2d. at 966.

Courts will also consider the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients. *Spires v. Hosp. Corp. of Am.*, No. 06-2137-

6

JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006). As previously mentioned, the doctors who were identified as witnesses in Plaintiff's Rule 26(a) Disclosures work in Johnson County, and would not be able to treat patients that day if called to testify in Wichita.

Further, Plaintiff is concerned that the trial date may have to be moved should the place of trial be moved to Topeka. Plaintiff understands that the Court has planned on conducting this trial in Kansas City, and would anticipate inconvenience to the Court in moving said trial location to Topeka with a few months' notice. At the time of trial, this case will have been pending with the Court for just shy under two years. It is in the interest of an expeditious and economical trial to conduct the trial in Kansas City to ensure the trial date is preserved.

WHEREFORE, Plaintiff respectfully requests an order of the Court denying KPERS's Motion to Determine Topeka, Kansas as the Place of Trial and for further relief this Court deems just and proper.

Respectfully submitted,

/s/ *Alexander Edelman*
Alexander, Edelman    KS# 25821
Sarah Liesen,              KS# 26988
EDELMAN, LIESEN & MYERS, L.L.P.
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 607-1529
Fax: (816) 463-8449
aedelman@elmlawkc.com
sliesen@elmlawkc.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Thomas V. Murray
Tammy M. Somogye
10851 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
Telephone: 913-451-5100
Facsimile: 913-451-0875
Email: tmurray@lathropgage.com
tsomogye@lathropgage.com

**ATTORNEYS FOR DEFENDANTS**

*/s/ Alexander Edelman*
Alexander Edelman
**ATTORNEY FOR PLAINTIFFS**