# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SMITH, )<br>    )<br>    Plaintiff/Counterclaim Defendant, )<br>    )<br>v. )<br>    )<br>KANSAS PUBLIC EMPLOYEES )<br>RETIREMENT SYSTEM, )<br>    )<br>    Defendant/Counterclaim Plaintiff. ) | Case No. 2:18-cv-02340-CM-ADM |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
### KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM'S
### MOTION TO DESIGNATE TOPEKA, KANSAS AS PLACE OF TRIAL

Plaintiff fails to address several of the facts supporting Kansas Public Employees Retirement System's ("KPERS") Motion to Designate Topeka, Kansas as Place of Trial and does not raise any valid arguments in her Opposition. KPERS's Motion to Designate Topeka, Kansas as Place of Trial should be granted.

**A.  KPERS's Motion to Designate Topeka, Kansas as Place of Trial Is Timely.**

Plaintiff complains, "Defendants [*sic*] have waited until just months before trial to file their [*sic*] Motion," but cites no authority to support any conclusion that the Motion is untimely. (Doc. 130, p. 2.) KPERS[1] filed its Motion more than six months before trial and by the deadline established in the Pretrial Order. (Doc. 116, p. 20.) As noted in *McIntosh v. City of Wichita, Kansas*, motions to designate the place of trial should be filed "nearer to the start of trial." No. 14-2402-DDC-TJJ, 2015 WL 1646402 at *3 (April 14, 2015).[2] The timing of KPERS's Motion is not a reason to have the trial in Kansas City, Kansas.

---

[1] KPERS is and has always been the only defendant named in this case.

[2] This authority was previously cited by KPERS in its Motion and is also cited by Plaintiff in her Opposition. Given Plaintiff's knowledge of this authority, it is perplexing that this issue would even be raised.

### B. Plaintiff's Choice of Forum Is Not Entitled to Weight Because She Does Not Reside in Kansas City, Kansas, and the Facts Giving Rise to the Lawsuit Have No Connection to Kansas City, Kansas.

KPERS identified two factors in support of its argument that Plaintiff's choice of forum should not be given deference – Plaintiff is not a resident of Kansas City, Kansas, and the facts giving rise to the lawsuit have nothing to do with Kansas City, Kansas. (Doc. 127, p. 2.) The only factor Plaintiff addresses is her residence, apparently attempting to distinguish the cases KPERS cites. Plaintiff argues, "the case law supporting such position entail [*sic*] plaintiffs who live in or near the forum to which the transfer is sought." (Doc. 130, p. 4.) This argument is disingenuous. The general principle applied by Kansas courts is that "plaintiff's choice of forum is 'largely inapplicable' if it is not his place of residence." *McIntosh*, 2015 WL 1646402 at *1 (quotation and citations omitted). Kansas courts do not indicate that the principle only applies if plaintiff's choice of forum is not her place of residence and the defendant seeks to designate her residence as the place of trial. The fact remains that Plaintiff does not live in Kansas City, Kansas, making her choice of forum "largely inapplicable." *Id.*

Moreover, Plaintiff cannot dispute that the facts giving rise to the lawsuit having nothing to do with Kansas City and everything to do with Topeka. This obviously weighs in favor of having the trial in Topeka. Not surprisingly, Plaintiff's desire to avoid driving to Topeka continues to this day.

### C. Convenience of the Forum.

Plaintiff claims that Kansas City is more convenient because her witness list includes witnesses from her present employer and her physicians (who allegedly "live and work in Johnson County").[3] (Doc. 130, p. 5.) Although Plaintiff does not identify which of the three

---

[3] Plaintiff lists only a business address for the Human Resources Director, a Senior Consultant and the President and CEO of DeMarche Associates. Likewise, Plaintiff lists only business addresses for her three

2

witnesses from her employer or which of her three physicians would testify, it's hard to imagine all of them testifying during the five-day trial, given the issues in the lawsuit. Plaintiff also chooses not to address the Kansas legislature's expectation that any actions or proceedings against KPERS be brought in Shawnee County. K.S.A. 74-4904(1).

Instead, Plaintiff argues that the trial should be held in Kansas City, Kansas because depositions of KPERS employees were in Overland Park, Kansas. As noted in *Lopez-Aguirre v. Board of Cty. Comm'rs of Shawnee Cty* (a case cited in KPERS's Motion), the location of depositions is not relevant "in comparing the convenience of the locations for purposes of trial." No. 12-2752-JWL, 2014 WL 853748 at fn 2 (D. Kan. March 4, 2014). Moreover, the location of the offices of the parties' counsel "is entitled to little, if any, weight in ruling on a § 1404(a) transfer … This is particularly so when no other factors weigh in favor of plaintiff's choice of forum." *Hughes v. Blue Cross & Blue Shield of Kansas*, No. 12-2339-JTM, 2012 WL 3644845 at *4 (D. Kan. 2012) (quoting *Studdard v. Connaught Labs., Inc.*, 793 F. Supp. 291, 292 (D. Kan. 1992).)

### D. Plaintiff Can Receive a Fair Trial in Topeka, Kansas.

Plaintiff suggests that there "may be some issue obtaining a fair trial in Topeka Kansas" because Topeka is the state capital and "many of the potential jurors could be state workers or their spouses, or other immediate family members." (Doc. 130, p. 6.) Potential jurors for trials taking place in Topeka, Kansas are drawn from Brown, Chase, Clay, Dickinson, Geary, Jackson, Jefferson, Lyon, Marshall, Morris, Nemaha, Osage, Pottawatomie, Riley, Shawnee, Wabaunsee and Washington counties. D. Kan. R. 38.1(a)(3). Plaintiff offers nothing more than her speculation that potential jurors living in these counties are more likely to be state workers or

---

physicians, not all of whom are in Johnson County. KPERS is unable to verify these six individuals' home addresses.

relatives of state workers than potential jurors living in the counties from which Kansas City jurors are drawn. *See* D. Kan. R. 38.1(a)(1) (listing Atchison, Doniphan, Douglas, Franklin, Johnson, Leavenworth, Miami and Wyandotte). After all, Plaintiff lived in Stillwell, Kansas and worked for a state agency in Topeka.

It is also significant that KPERS's members include employees of KU Medical Center and the Unified Government of Wyandotte County – both of which are located in Kansas City, Kansas. Moreover, employees of Atchison County, Douglas County, Franklin County, Johnson County, Leavenworth County, Miami County, many cities and school districts located in each of these counties, Johnson County Community College and the University of Kansas (among other employers) also are members of KPERS. Plaintiff cannot avoid the possibility that employees of KPERS-affiliated employers could be in the jury pool – regardless of the place of trial. Further, she offers no explanation as to why *voir dire* will not adequately protect her right to a fair and impartial jury. *See Riley v. Stormont Vail Health Care, Inc.*, 01-2115-CM, 2001 WL 969060 (D. Kan. August 13, 2001). Not every KPERS member or relative of a KPERS member would find it impossible to be impartial, and *voir dire* will guard against partiality.

Even more remarkable is Plaintiff's claim that "State employees with pensions or other benefits managed by KPERS would be *members* of KPERS, and they and their beneficiaries would possibly have a direct economic stake in the outcome of the election [*sic*]." (Doc. 130, p. 6 (emphasis in original).) KPERS retirement benefits are defined and guaranteed. K.S.A. 74-4918; 74-4923. Such benefits will not increase or decrease as a result of the outcome of this litigation. Plaintiff's perceived inability to obtain a fair trial in Topeka is specious.

**E.    Other Factors Are Neutral or Weigh in Favor of Topeka.**

Plaintiff does not address KPERS's argument that holding the trial in Topeka, Kansas

4

will result in an efficient use of jurors' and the Court's time. (Doc. 127, p. 4.) Moreover, Plaintiff offers nothing but speculation that having the trial in Topeka will require moving the trial date.

### F. This Case Should be Tried in Topeka, Kansas.

Plaintiff's perpetual desire to avoid driving to Topeka, Kansas cannot outweigh all of the factors supporting the designation of Topeka, Kansas as the place of trial. Therefore, KPERS respectfully requests that the case be tried in Topeka, Kansas.

Respectfully submitted,

**LATHROP GAGE LLP**

By: */s/ Tammy M. Somogye*
Thomas V. Murray – KS Bar No. 7591
Tammy M. Somogye – KS Bar No. 18210
10851 Mastin Boulevard
Building 82, Suite 1000
Overland Park, Kansas 66210-1669
Telephone: (913) 451-5106
Facsimile: (913) 451-0875
tmurray@lathropgage.com
tsomogye@lathropgage.com

ATTORNEYS FOR DEFENDANT KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was electronically filed with the Court this 13th day of December 2019, which will send a notice of electronic filing to the following:

Sarah C. Liesen
Alexander Edelman
EDELMAN, LIESEN & MYERS, LLP
208 W. Linwood Boulevard
Kansas City, Missouri 64111
sliesen@elmlawkc.com
aedelman@elmlawkc.com

ATTORNEYS FOR PLAINTIFF JULIE A. SMITH

                                                  */s/ Tammy M. Somogye*
                                                  ATTORNEY FOR DEFENDANT