IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE A. SMITH,                )
                               )
        Plaintiff,             )
                               )
v.                             )
                               )   Case No. 18-2340-CM-KGS
KANSAS PUBLIC EMPLOYEES        )
RETIREMENT SYSTEM,             )
                               )
        Defendant.             )
                               )

## MEMORANDUM AND ORDER

Plaintiff Julie A. Smith brought this discrimination and retaliation action against her former employer, defendant Kansas Public Employees Retirement System. Plaintiff claims that she was subject to disparate treatment and retaliation in violation of the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and the Family Medical Leave Act ("FMLA"). Defendant filed a counterclaim for breach of contract, arguing that plaintiff agreed in writing to release her claims against defendant in exchange for retaining a position with defendant through October 1, 2018. Defendant also filed a motion to amend its answer to include a defense of sovereign immunity. (Doc. 95.) Magistrate Judge Angel D. Mitchell overruled that motion. (Doc. 107.) The case is now before the court on defendant's Objections to Magistrate Judge's Memorandum and Order Denying Kansas Public Employee Retirement System's Motion for Leave to Amend Answer to Include Sovereign Immunity Defense. (Doc. 109.) For the following reasons, the court overrules defendant's objections.

The district court reviews a magistrate judge's order on non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.

72(a); *see also First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). Under this standard, the court will affirm the magistrate judge's order unless the court "is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).

The court does not find that Judge Mitchell's order is clearly erroneous or contrary to law. Judge Mitchell correctly identified the standards for allowing belated amendments. (Doc. 107, at 3.) She then examined whether defendant should, indeed, be subject to the "good cause" standard; determined that the standard applied; and concluded that defendant had not met that standard. (*Id.* at 3–5.) All of this was well within the boundaries of both the law and her authority. Judge Mitchell further emphasized that she was not making the ultimate decision of whether defendant should be allowed to raise the immunity defense at all; she was only deciding that defendant could not belatedly amend its answer to include the defense.

In any event, the answer is no longer the controlling document in this case. The court has entered the pretrial order. Once entered, the pretrial order controls the course of the case. *Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir. 2002) ("'When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings' because 'the pretrial order is the controlling document for trial.'") (citations omitted). The pretrial order contains defendant's position on immunity. (Doc. 116, at 1–2, 14.) It also notes plaintiff's objection to the defense being invoked. (*Id.* at 14.) At this point, defendant's answer has been superseded by the pretrial order, and it is therefore unnecessary for defendant to amend its answer.

Defendant has given the court no meritorious reason to find Judge Mitchell's rulings clearly erroneous or contrary to law. Mere disagreement with a decision is insufficient to justify Rule 72(a)

relief.  *Claytor v. Computer Assocs. Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003).  Like Judge Mitchell, this court makes no determination at this time on the appropriateness of defendant raising sovereign immunity late in the case.  The court will address that issue when considering defendant's motion for summary judgment.  (Doc. 120.)

**IT IS THEREFORE ORDERED** that defendant's Objections to Magistrate Judge's Memorandum and Order Denying Kansas Public Employee Retirement System's Motion for Leave to Amend Answer to Include Sovereign Immunity Defense (Doc. 109) is overruled.

Dated this 13th day of January, 2020, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
