IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 18-2340-CM |
| KANSAS PUBLIC EMPLOYEES ) | |
| RETIREMENT SYSTEM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Julie A. Smith brought this discrimination and retaliation action against her former employer, defendant Kansas Public Employees Retirement System. Plaintiff claims that she was subject to disparate treatment and retaliation in violation of the Americans with Disabilities Act, Age Discrimination in Employment Act, and the Family Medical Leave Act. Plaintiff designated Kansas City, Kansas as the place of trial. Defendant filed a counterclaim for breach of contract, arguing that plaintiff agreed in writing to release her claims against defendant in exchange for retaining a position with defendant through October 1, 2018. Defendant also filed a motion to designate Topeka as place of trial. (Doc. 126.) The court addresses that motion now.

**I.     Legal Standard**

The court is not bound by the parties' requests for place of trial and may determine the place of trial at its own discretion or upon motion by a party. D. Kan. Rule 40.2. Change of venue is governed by 28 U.S.C. § 1404(a). Because Kansas constitutes only one judicial district and division, 28 U.S.C. § 1404(a) is, on its face, inapplicable to defendant's request for intra-district transfer. *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007).

The courts in this district, however, often look to the factors set forth in 28 U.S.C. § 1404(a) when considering a request for intra-district transfer. *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *1 (D. Kan. Apr. 19, 2007). Those factors include "plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Smith*, 2007 WL 2436669, at *1 (quoting 28 U.S.C. § 1404(c)); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). Defendant, as the party moving to transfer the case, bears the burden of establishing that the existing forum is inconvenient. *Smith*, 2007 WL 2436669, at *1.

**II.  Analysis**

  *A.  Plaintiff's Choice of Forum*

The court first considers the plaintiff's choice of forum. As noted above, plaintiff chose Kansas City, Kansas, as the forum for trial. Plaintiff lives in Stilwater, Kansas, and worked in Topeka, Kansas, at the time of the events leading to this case. Although the court considers plaintiff's choice of forum, plaintiff's choice is given less weight because it is not her place of residence. *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *1 (D. Kan. Mar. 23, 2007). On the other hand, plaintiff lives substantially closer to Kansas City than Topeka. Indeed, the commute from plaintiff's home to Topeka appears to be an issue of importance in this case.

Defendant believes that Topeka is the better forum because the events at issue in the case occurred in Topeka. This weighs against Kansas City as the better forum, but it does not substantially outweigh plaintiff's choice of forum.

Overall, this first factor weighs in favor of plaintiff—even if not quite as heavily as it would weigh in favor of plaintiff if she lived or worked in Kansas City, Kansas.

### B.   *Convenience and Accessibility of the Witnesses and Other Sources of Proof*

Second, the court considers the convenience and accessibility of the witnesses and other sources of proof. Defendant argues that this factor weighs in favor of transferring the case to Topeka because a number of witnesses are employees of defendant, who are located in Topeka or closer to Topeka than Kansas City.

The court understands that the increased time to drive to Kansas City from Topeka may inconvenience any employees of defendant who testify, but the court is not convinced that the trial of this case would require an extended absence by most employees. Moreover, defendant only identified eleven of twenty-three witnesses in plaintiff's supplemental 26(a) disclosures who lived in Topeka or closer to Topeka. Even if Kansas City is less convenient for all eleven witnesses, this is still less than half, which does not constitute "the vast majority," as defendant represents.

The normal travel time between the Topeka federal courthouse and the Kansas City, Kansas federal courthouse is roughly an hour. It is about sixty-two miles. This distance is not so far that it should make attendance at trial a heavy burden for witnesses living or working in either location. As plaintiff points out, several witnesses have already traveled to the Kansas City area for depositions— suggesting that the distance is not an overly burdensome barrier.

Defendant also argues that holding trial in Topeka would be consistent with Kan. Stat. Ann. § 74-4904(1), which states, "All actions or proceedings directly or indirectly against the [Kansas Public

Employees Retirement] [S]ystem shall be brought in Shawnee county." Notwithstanding this Kansas statute, plaintiff brought this case in federal court based on federal jurisdiction. The court therefore applies federal law to determine venue. *See generally Arnold v. Maynard*, 942 F.2d 761, 763 (10th Cir. 1991) ("While conceding that matters of venue in federal court are controlled entirely by federal law, the dissent would nonetheless turn to state law to interpret the federal venue statute for this federal claim. The propriety of this approach is dubious even as a general rule."). Even if this case were here on diversity jurisdiction, venue is a procedural—not a substantive—question. *Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015). The court applies federal law to determine the appropriate venue and is not bound by a conflicting Kansas statute. *Id.* When the factors for venue weigh in favor of a venue other than Shawnee County, Kansas, therefore, the federal court will make a decision consistent with federal law, taking into account the Kansas statute, but not considering it as dispositive of the issue.

Defendant has failed to meet its burden to show that Topeka is more convenient or accessible than Kansas City. This factor weighs in favor of maintaining plaintiff's choice of forum.

### C. *Fair Trial*

Third, the court considers the relative advantages and obstacles to a fair trial. In support of this factor, defendant states that "[t]here is no argument that plaintiff cannot get a fair trial in Topeka, Kansas." (Doc. 126-1, at 3.) While the court is confident that plaintiff could have a fair trial in Topeka, plaintiff can also have a fair trial in Kansas City. This factor is neutral.

### D. *All Other Factors*

Finally, for the last factor, defendant raises one consideration of a practical nature that makes trial easy, expeditious, and economical: Defendant suggests that if testimony goes quicker than expected, there will be fewer delays in witness transition if the trial is held in Topeka because the

witnesses will be closer to the courthouse. This argument is speculative. Moreover, as previously noted, defendant has not shown that "the vast majority" of witnesses will be from the Topeka area.

After weighing all the relevant factors, the court concludes that defendant has not met its burden of showing that the factors weigh strongly in its favor. An intra-district transfer is not warranted here.

**IT IS THEREFORE ORDERED** that Defendant Kansas Public Employees Retirement System's Motion to Designate Topeka, Kansas as Place of Trial (Doc. 126) is denied.

Dated this 23rd day of January, 2020, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**