IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE A. SMITH,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )   Case No. 18-2340-CM
KANSAS PUBLIC EMPLOYEES            )
RETIREMENT SYSTEM,                 )
                                   )
            Defendant.             )
_____)

## MEMORANDUM AND ORDER

Plaintiff Julie A. Smith brought this discrimination and retaliation action against her former employer, defendant Kansas Public Employees Retirement System. Plaintiff claims that she was subject to disparate treatment and retaliation in violation of the Americans with Disabilities Act, Age Discrimination in Employment Act, and the Family Medical Leave Act. Defendant filed a counterclaim for breach of contract, arguing that plaintiff agreed in writing to release her claims against defendant in exchange for retaining a position with defendant through October 1, 2018. Plaintiff filed a motion for judgment on the pleadings (Doc. 123), arguing that she is entitled to judgment on defendant's counterclaim because (1) release is an affirmative defense, and does not give rise to a cause of action; and (2) in substance, the counterclaim is an attempt to recover attorney fees without contractual or statutory authority. For the following reasons, the court grants plaintiff's motion.

**I.  Legal Standard**

When considering a Rule 12(c) motion for judgment on the pleadings, the court evaluates the motion under the same standard as a Rule 12(b)(6) motion to dismiss. *Turner v. City of Tulsa*, 525 F.

App'x 771, 772 (10th Cir. 2013). Under Rule 12(b)(6), a court may dismiss a complaint (or counterclaim) for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss under 12(b)(6), a complaint/counterclaim must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint/counterclaim contains well-pleaded factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Plaintiff has attached the agreement between the parties, which contains the release at issue, to her motion. The court will consider the content of the agreement when deciding this motion because it is referenced in defendant's counterclaim, it is central to the claim, and the parties do not dispute the agreement's authenticity. *Brokers' Choice of Am. v. NBC Univ.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

**II.  Analysis**

As noted above, plaintiff makes two arguments in support of her motion for judgment on defendant's counterclaim: (1) release is an affirmative defense, not a cause of action; and (2) defendant cannot use its claim to recover attorney fees without contractual or statutory authorization.

Plaintiff claims that "the granting of the release is not a promise not to sue a party, it is merely the relinquishing of a right to bring an action." (Doc. 124, at 5.) Defendant responds that to give up the right to bring an action—and then to bring that action anyway—is, by definition, a breach. "To conclude otherwise," defendant argues, "turns the purpose of a release upside down and divests the released party of the benefit of the bargained-for release." (Doc. 129, at 2.)

Here, plaintiff signed an employment agreement stating, "[Plaintiff] releases [defendant] . . . from all claims, causes of action, costs, and attorney fees related to [plaintiff's] employment with [defendant] from and including [plaintiff's] date of hire on May 12, 2008, through the termination of this assignment . . . ." (Doc. 124-1, at 3.) The agreement further provides, "The parties agree Employee releases Employer from any and all claims that Employee might have had or may have against it arising from or related to her employment by Employer . . . ." (*Id.*)

The question before the court is whether plaintiff's release of claims against defendant creates a cause of action for breach of contract. Notably, the agreement does not include an explicit agreement or covenant not to sue; absent from the agreement is a specific statement that plaintiff agrees not to file suit against defendant. Defendant claims that this omission is not significant because an unpublished Kansas Court of Appeals case from 1989 "found that the 'release, waive and relinquish' language in the contract constituted an agreement not to assert any claims against Winn or his estate." (Doc. 129, at 4 (citing *Winn v. Barton*, Nos. 59,583, 60,262, 61,072, 61,488, & 61,500, 1989 Kan. App. LEXIS 240 (Kan. Ct. App. 1989).)

The court disagrees that it is bound by *Winn* to find that a release is the same as an agreement not to sue. First, the *Winn* decision is unpublished. Second, while the *Winn* court reframed the release by stating that the defendant "agreed not to assert any claim," the court was not deciding whether the release was the same thing as an agreement not to sue. In *Winn*, the defendant repeatedly did not file briefs or support her position before the trial court, and the appellate court accepted that the trial court had found a breach of the agreement based on an unopposed summary judgment motion. *See id.* at *7, *9–10. In relation to the breach, the appellate court decided the trial court did not err in awarding damages. *See id.* at *10. *Winn* did not specifically hold that filing a claim when such claim has been released is a breach of contract. Accordingly, *Winn* does not require a finding that a release of claims

creates a cause of action for breach of contract when a (released) claim is filed. Neither the parties nor the court have found any other Kansas cases directing the court on whether the release should be treated as an agreement not to sue.

To the contrary, the court has found a number of cases distinguishing a release from an agreement not to sue. *See, e.g.*, *Bukuras v. Mueller Grp., LLC*, 592 F.3d 255, 266 (1st Cir. 2010) ("A release is an affirmative defense; it does not supply a defendant with an independent claim for breach of contract."); *Isbell v. Allstate Ins. Co.*, 418 F.3d 788, 797 (7th Cir. 2005) ("The Release does not result in breach upon the filing of a suit. Instead, it provides [the defendant] with an effective affirmative defense should a claim be raised. Because the Release was a release of claims and not a covenant not to sue, [the plaintiff] did not breach the Release with his suit."); *Thomforde v. Int'l Bus. Machines Corp.*, 406 F.3d 500, 503 (8th Cir. 2005) ("A release of claims and a covenant not to sue serve different purposes."); *Schuman v. Microchip Tech. Inc.*, 372 F. Supp. 3d 1054, 1060 (N.D. Cal. 2019) (explaining the differences between a release and a covenant not to sue); *Cypress Engine Accessories, LLC v. HDMS Ltd. Co.*, 283 F. Supp. 3d 580, 586–88 (S.D. Tex. 2017) (finding that a release provided an affirmative defense, but did not function as a covenant not to sue).

Although these cases also are not binding on this court (and are interpreting the law of other states), the court finds their reasoning persuasive. Release is an affirmative defense in Kansas. *Tabor v. Lederer*, 472 P.2d 209, 211 (Kan. 1970). Defendant could have included language in the agreement with plaintiff indicating that plaintiff also agreed not to sue defendant. But defendant did not. Based on the plain language of the agreement, the court determines that defendant may use the release as a defense, but not an offensive weapon against plaintiff. The court dismisses defendant's counterclaim for breach of contract. Because the claim is dismissed, the court need not determine whether attorney fees are recoverable on the claim.

**IT IS THEREFORE ORDERED** that plaintiff's motion for judgment on the pleadings (Doc. 123) is granted.  Defendant's counterclaim for breach of contract is dismissed.

Dated this 10th day of February, 2020, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**